Opinion delivered May 25, 1888.

---

No. 6173.

## P. S. JONES & CO. v. CORNELIUS COLLINS.

1. JUDGMENT — APPEAL — JUSTICE COURT. — If a motion for a new trial has been filed within five days after the rendition of judgment by a justice court, but no action has been had thereon within ten days after the rendition of the judgment, such motion should be considered as overruled on the tenth day after the date of the judgment and a party would, in such case, have ten days thereafter within which to file his appeal bond.

ERROR from Bexar. Tried below before the Hon. George H. Noonan.

*Oscar Bergstrom,* for plaintiff in error: When an appeal is taken from a justice court to a district court written notice of such appeal should be served upon the opposite party, but failure to give such notice is no cause of complaint if the motion is overruled. The appellant has a right to file a motion for a new trial which must be acted upon within ten days after the rendition of the judgment, and then he has ten days time after the overruling of the motion for a new trial to file the appeal bond. The expiration of ten days after the rendition of the judgment operates as an overruling of a motion for a new trial and the

appellant has ten days after the expiration of such time to file an appeal bond. If it was necessary that the motion for a new trial should be acted upon during the term of the justice court at which the judgment was rendered, then the ending of the term would operate as an overruling of the motion for a new trial, and the appellant would have ten days thereafter within which to file an appeal bond. (1 White & W. Civil Cases, sec. 466; Grant & Kenner v. Fowzer Bros., 3 White & W. Civil Cases, part 1, sec. 105.)

*John A. & N. O. Green* and *John A. Green, Jr.*, for defendant in error: The court did not err in dismissing defendant's appeal. First. Because appellee had no notice of the motion for new trial made in the justice court. Second. Because no action was had in the justice's court on defendant motion for new trial within ten days from the date of judgment. Third. Because the laches and non action of the defendant upon the said motion operated as a waiver and abandonment of the same and continued the judgment of May 1, as a final judgment which it always had been. Fourth. Because the appeal bond from the justice court shows upon its face it is filed more than ten days after the judgment from which it attempts to perfect an appeal. Fifth. Because no notice of appeal was given in the justice court during the term at which the judgment was rendered. (1. As to notice of motion, Rev. Stats., art. 1624; 2. Action must be had upon a motion for new trial and an appeal bond filed within ten days from the rendition of judgment, Conally v. Gambull, 1 White & Willson Cond. Cases, sec. 90; Bach, Weiss & Co. v. Gonacchio, 1 White & Willson Cond. Cases, sec. 1310.) Third. When a party by laches and non action upon a motion for new trial allows the time to pass in which it could be acted upon, the motion is abandoned, waived and discharged, but not overruled, the court will take no more notice of it, nor will it have any other effect than if it had never been filed. (McKean v. Ziller, 9 Texas, 58; Bullock v. Ballew, 9 Texas, 498; Bass v. Hays, 38 Texas, 128; I. & G. N. R'y Co. v. Susan A. Smith, 62 Texas, 186; 4. Judgment was rendered May 1, and appeal bond was filed on May 21, Lyell v. Guadalupe County, 28 Texas, 57; 5. Notice of appeal must be given at the term of the court at which the judgment was rendered, Rev. Stats., art., 1639; Loftin v. Nalley, 28 Texas, 227.)

WALKER, ASSOCIATE JUSTICE.   Judgment was rendered in a justice court May 1, 1885.   Motion for new trial was filed May 2.   It was not acted on within ten days, and on May 15, at request of the defendant, it was overruled and he gave notice of appeal.   On the twenty-first of May he filed an appeal bond.   The appeal was dismissed, and from the judgment an appeal to this court was prosecuted.

The Court of Appeals in Grant & Kenner v. Fowzer Bros., volume 3, part 1, Willson's Appealed Cases, has held: "If a motion for a new trial has been filed within five days after the rendition of the judgment, but no action has been had thereon within ten days after the rendition of the judgment, such motion would be considered as overruled on the tenth day after the date of the judgment, and a party would in such case have ten days thereafter within which to file his appeal bond."

The rule of decision upon this subject ought to be the same in all the courts.   The subject being peculiarly within the jurisdiction of the Court of Appeals, we regard the decisions of that court as authoritative, and we are unwilling to revise them.

Following the rule cited, the appeal bond was filed in time, and the dismissal of the appeal was error for which the judgment below is reversed.

*Reversed and remanded.*