### Woldert Grocery Company v. The Boonville Elevator Company. ET AL.

Decided April 9, 1906.

**1.—Justice Court—Motion for New Trial—Appeal.**

While art. 1654, Rev. Stats., declares that all motions for new trial in a Justice Court shall be filed within five days after the rendition of the judgment, this provision is merely directory, and under art. 1652 that court may consider such motion filed at any time within ten days from the rendition of the judgment.

**2.—Appeal From Justice Court—Effect.**

A. sued B. in Justice Court, and B. made C. a party defendant and prayed for judgment over against him. Upon trial, A. recovered judgment against B., and B. had judgment over against C. for same amount. C. alone appealed to the County Court. Held, that the appeal by C. did not give the County Court jurisdiction of the case as between A. and B.

ON REHEARING.

**3.—Same.**

The effect of the appeal by C. was to remove the entire case from the Justice to the County Court for trial de novo, and give that court jurisdiction of all the issues and parties.

**4.—Breach of Contract to Buy—Remedy.**

Upon breach of a contract by a buyer to receive and pay for the article, the seller has three remedies, one of which is to resell the article and credit the proceeds on the contract price, and sue the buyer for the balance; but in pursuing this remedy he must act in good faith in making such resale, and use due diligence to secure the best price. Evidence considered, and held to require the submission of such issue to the jury.

Appeal from the County Court of Smith County. Tried below before Hon. S. A. Lindsey.

*T. O. Woldert,* for appellant.—When an appeal is taken to the County Court from a judgment of a justice of the peace the appeal bond must be filed "within ten days' from the date of the judgment." Waterhouse v. Love, 23 Texas, 560; Kyle v. Richardson, 71 S. W. Rep., 399; Milo v. Nuske, 66 S. W. Rep., 544; San Antonio & A. P. Ry. Co. v. Thigpen, 57 S. W. Rep., 66; Cooper v. Yoakum, 43 S. W. Rep., 871; Connally v. Gambull, 1 W. & W., sec. 90; Boch, Meiss & Co. v. Ginnacchio, 1 W. & W., sec. 1310; Rev. Stats. art. 1654; Gill v. Rodgers, 37 Texas, 628; Ellis v. Bonner, 7 Texas Civ. App., 540-548.

In case the buyer refuses to accept, if title, but not possession, has passed, the seller has the right to resell in satisfaction of the unpaid

purchase money, and the measure of damage is the difference between the contract price, and the sum realized at a fair sale, properly conducted; it being the duty of the seller in such cases to exercise good faith, and to realize the best price he can on resale; and whether the sale was fair and properly conducted, are questions of fact for the jury. Waples v. Overtaker, 77 Texas, 7; White v. Matador Land and Cattle Company, 75 Texas, 465; Heidenheimer v. Cleveland & Cameron, 11 Texas Civ. App., 546; Weathered v. Golden, 34 S. W. Rep., 761; Kempner v. Heidenheimer, 65 Texas, 587-591; Leonard v. Porter, 4 Will. Civ. Cas., sec. 55.

*Geo. W. Cross,* for appellee Boonville Elevator Company. *A. Morgan Duke,* and *Fitzgerald & Butler,* for appellee J. J. Lewis.—The Justice Court judgment having been rendered February 1, and motion for new trial filed February 8, which said motion was received, acted upon, and overruled by the court February 10, and appeal bond filed and approved February 13 thereafter, said bond was filed within 10 days from the date of the judgment within the contemplation of article 1670 of the statute respecting appeals from Justice's Courts, and the County Court, therefore, did not err in overruling the motion to dismiss the appeal. 2 White and W., secs. 49, 110; Missouri Pac. Ry. Co. v. Houston Flour Mills, 2 White & W., sec. 571; Grant v. Fowzes Bros., 3 White & W., sec. 105; Williams v. Simms, 4 White & W., sec. 157; West v. White, 4 White & W., sec. 130; Jones & Co. v. Collins, 70 Texas, 752; Texas & Pac. Ry. Co. v. Gill, 28 S. W. Rep., 911; Jackson v. Coates, 43 S. W. Rep., 24.

PLEASANTS, Associate Justice.—This suit was brought in the Justice Court of precinct number 1 of Smith County by the Boonville Elevator Company against appellant to recover $138.15 as damages for the alleged breach of a contract for the sale of a carload of corn by plaintiff to the defendant. At the instance of the grocery company J. J. Lewis was made a party to the suit under allegations charging, in substance, that the corn was ordered by said company for Lewis and that he had refused to receive same, and was therefore liable to said company for any amount that plainitff might recover against it.

The trial of the cause in the Justice Court resulted in a verdict and judgment in favor of the elevator company against the grocery company for $124.67½, and in favor of the grocery company against Lewis for a like amount. This judgment was rendered on February 1, 1904. On the 8th of said month Lewis filed a motion for new trial which was overruled on the 10th. On February 13 he filed an appeal bond which was approved by the justice, and the transcript and papers in the case sent up to the County Court of Smith County where the cause was tried *de novo,* and a verdict and judgment rendered in favor of the elevator company against the grocery company for $124.73, and in favor of Lewis against the grocery company that the latter take nothing by its suit against him. From this judgment the grocery company prosecutes this appeal.

Appellant's first assignment of error complains of the action of the trial court in refusing to sustain a motion to dismiss the appeal from the Justice Court on the ground that the appeal bond was not filed within

the time prescribed by the statute. The contention under this assignment is that the motion for new trial in the Justice Court, having been filed more than five days after the rendition of the judgment, was a nullity and did not invoke the jurisdiction of the court to reopen the case, and therefore the appeal bond should have been filed within ten days from the rendition of the original judgment.

This contention can not be sustained. It is well settled that the ten days within which an appeal from the judgment of a Justice Court must be perfected runs from the date of the order overruling the motion for a new trial. (Missouri Pac. Ry. Co. v. Houston Flour Mills Co., 2 Willson Civ. Cases, 571; Grant v. Fowzes, 3 Willson Civ. Cases, 105; Jones v. Collins, 70 Texas, 752.)

While article 1654 of the Revised Statutes declares that all motions for a new trial in a Justice Court shall be filed within five days after the rendition of the judgment, it has been held that this provision of the statute is merely directory, and that under article 1652 which expressly gives the Justice Court authority to grant a new trial at any time within ten days after the rendition of a judgment on motion in writing showing that justice had not been done, that court may consider a motion for new trial filed at any time within ten days from the rendition of the judgment. (Texas & Pac. Ry. Co. v. Gill, 9 Texas Civ. App., 140.) We have no doubt of the soundness of the rule announced in the case cited. It follows the well-settled rule of construction of the statute as to the filing of motions for new trial in the District Court, and no reason is perceived for a different construction of the Justice Court statute.

The remaining assignments of error complain of the charges given and refused by the court instructing the jury upon the issues raised by the evidence in the trial of the cause between the appellant and the elevator company.

At a former day of this term we affirmed the judgment of the court below as to Lewis, but reversed and remanded the cause as between appellant and the elevator company because of error in the charge of the court. Upon a closer inspection of the record we find that appellant did not appeal from the Justice Court judgment against it in favor of the elevator company. That judgment is as follows:

"It is therefore ordered and adjudged and decreed that plaintiff Boonville Elevator Company have and recover of defendant Woldert Grocery Company the sum of $124.67½ with interest thereon from date hereof and all cost in this behalf expended for which let execution issue. And it is further ordered, adjudged and decreed by the court that said defendant Woldert Grocery Company have and recover judgment over against defendant J. J. Lewis for the sum, to wit, $124.67½ with 6 percent interest thereon from date hereof and all cost in this behalf expended, and for which let execution issue."

We think it clear that the appeal of Lewis from this judgment against him did not have the effect of bringing the case of the elevator company against the appellant into the County Court. The elevator company sought no judgment against Lewis and obtained none, and although it was made a party to the appeal bond filed by Lewis it was not a necessary or proper party, and a motion in the lower court to dismiss the appeal against it should unquestionably have been sustained. No such

motion was made, however, and the court and all the parties treated the appeal of Lewis as bringing up the whole case and reopening the judgment rendered against appellant in favor of the elevator company. As we have before said, this was not the effect of the appeal by Lewis, and that appeal did not give the County Court jurisdiction of the case as between appellant and the elevator company.

The judgment against appellant in the Justice Court not having been appealed from, the County Court had no jurisdiction to try that case, and its judgment, insofar as it affects the rights of these parties, was void. The court *a quo* having been without jurisdiction this court acquired none by the appeal here.

From this conclusion it follows that our former judgment reversing and remanding the cause as between the appellant and the elevator company should be set aside, and judgment entered dismissing the appeal as to the elevator company, and it will be so ordered. That portion of our former judgment affirming the judgment of the court below as to Lewis will be undisturbed.

*Dismissed in part and affirmed in part.*

### ON MOTION FOR REHEARING.

At a former day of the term we affirmed the judgment of the court below in this case as to the appellee Lewis and dismissed the appeal against the elevator company on the ground that the court below had no jurisdiction to try the case between appellant and the said company. (Woldert Grocery Company v. Boonville Elevator Company, 14 Texas Ct. Rep., 325.)

Appellant having filed a motion for rehearing, we certified to the Supreme Court the question of the jurisdiction of the court below to try the case of the elevator company against appellant. The answer of the Supreme Court to the certified question shows that we erred in dismissing the appeal, and in accordance with the opinion of that court the judgment of dismissal heretofore rendered by us is set aside. (Woldert Grocery Company v. Boonville Elevator Company, 15 Texas Ct. Rep., 124.)

The suit was brought by the elevator company against appellant to recover the amount alleged to be due upon a contract for the purchase by appellant of a carload of corn from said company.

The evidence shows that after the car of corn, which had been shipped by the elevator company to appellant at Tyler, Texas, in accordance with the contract, had been refused by appellant, it was turned over by order of the elevator company to J. W. Smiley and sold by him for the account of said company. Smiley testified that he sold the corn for 40 cents per bushel; that he did not offer it for sale to any of the wholesale grocers, and did not remember that he offered it to but one person other than the firm to whom he sold it. He had never dealt in corn and did not pretend to know the value of this carload. Plaintiff offered no proof of the market value of the corn at Tyler at the time the corn was resold.

Appellant's manager testified that he thought the car could have been sold for 50 cents per bushel.

Upon this evidence the trial court instructed the jury that the plaintiff's measure of damage was the difference between the contract price of the corn and the amount realized from the sale made by Smiley.

The fifth assignment of error complains of this charge. Apellant having refused to receive and pay for the corn the elevator company had the right to retain it and sue appellant for the difference between the contract price and its market value at Tyler at the time the contract was breached, or might have held the property for and at the risk of appellant and sued for the contract price, but it was not restricted to these remedies. It also had the right to resell the corn and credit the proceeds on the contract price and sue appellant for the balance, provided it acted in good faith in making such resale and used due diligence to secure the best price.

Having upon the breach of the contract by appellant resold the corn the elevator company could not recover the difference between the contract price and the amount for which the corn was resold without showing that said amount was the market value of the corn, or, if no market value could be shown, that the sale was fairly made and made for the best price reasonably obtainable. (Waples v. Overaker, 77 Texas, 7; White v. Matador Land Co., 75 Texas, 465.)

We think the evidence raises the issue of whether the sale of the corn by Smiley was fairly made, and made for the best price reasonably obtainable, and that issue should have been submitted to the jury.

None of the remaining assignments present any error.

Because of the error in the charge above pointed out, the judgment of the court below in favor of the elevator company must be reversed and the cause remanded for a new trial between appellant and said company. Our former judgment affirming the judgment of the court below in favor of appellee Lewis is undisturbed.

*Reversed and remanded.*