GOTTLICH v. GREGORY & WALTON.

(Court of Civil Appeals of Texas. Dec. 7, 1910.)

1. JUSTICES OF THE PEACE (§ 159*)—APPEAL—TIME FOR FILING APPEAL BOND.

Under Rev. St. 1895, art. 1670, providing that the party appealing from a justice's court shall within 10 days from the judgment file with the justice a bond, the 10-day period runs from the date of overruling a motion for a new trial, and not from the date of the entry of the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 558; Dec. Dig. § 159.*]

2. JUSTICES OF THE PEACE (§ 150*)—APPEAL—PRESENTATION OF QUESTIONS IN TRIAL COURT—MOTION FOR NEW TRIAL.

It is not necessary for an application in justice's court for a new trial on the ground of insufficiency of the evidence to support the judgment to be sworn to in order for the losing party to prosecute an appeal from the judgment, nor that the notice of the motion be given his adversary.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 515; Dec. Dig. § 150.*]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by Gregory & Walton against C. H. Smith, defendant, and H. A. Gottlich, as garnishee. From a judgment of the county court dismissing an appeal from a judgment of a justice of the peace in favor of plaintiff, the garnishee appeals. Reversed and remanded.

H. R. Sutherland, for appellant. Suttle & Todd, for appellee.

NEILL, J. On July 3, 1909, the appellees made an application in the justice's court of precinct No. 1 of Nueces county for a writ of garnishment on a debt alleged due them by C. H. Smith for $115.80, against whom suit had been brought by them, which was then pending in said court. The writ was issued on said application against Gottlich, who answered, denying any indebtedness to said Smith. The answer was contested by the garnishers; and on August 16, 1909, the cause was tried upon issues tendered by the parties, and judgment rendered in favor of appellees against Gottlich as garnishee, judgment having already been obtained on their demand against Smith. On the same day a motion for a new trial was filed by the garnishee, which was overruled on August 23, 1909. From the judgment rendered against Gottlich, he appealed to the county court, making an appeal bond conditioned as required by law, which was approved and filed September 1, 1909. The transcript of the orders on the docket of the justice's court and all papers of the case were duly transmitted to and filed in the county court. Upon motion of the plaintiffs, the appeal was on September 24, 1909, dismissed. From the judgment of dismissal this appeal is prosecuted.

The grounds for dismissing the appeal to the county court, as set out in plaintiffs' motion, are as follows:

"(1) Because the motion for a new trial filed by defendant garnishee in the said justice court on the 16th day of August, 1909, was not sworn to as prescribed by law, and as the law requires, since the appeal bond was not filed within 10 days after the date of the judgment.

"(2) Because no notice, as required by law, was given plaintiffs or their attorneys of the hearing of the said motion for a new trial, and the same was acted upon without notice to plaintiffs or their said attorneys in direct violation of the statutes in such cases made and provided, thus depriving plaintiffs of their right to have said motion for a new trial vacated by said justice court for want of being sworn to as required by law.

"(3) Because defendant garnishee's appeal bond was not filed within 10 days from the date of the final judgment rendered in said cause, to wit, the 16th day of August, 1909, the said appeal bond being filed the 1st day of September, 1909, more than 10 days after the date and rendition of said final judgment, which said final judgment was rendered and is dated on the said 16th day of August, 1909, and is signed by said justice of the peace of precinct No. 1, Nueces county, Tex., viz., Pat Whelan, on said day and date.

"(4) Because the transcript and record of this cause conclusively show the full admission by defendant garnishee of a sufficient indebtedness to C. H. Smith, defendant in cause No. 3016 on the docket of said justice court, wherein Gregory & Walton are plaintiffs and said C. H. Smith is defendant, to

cover the full amount of plaintiffs' judgment against the said C. H. Smith and all interest and costs of both suits.

"(5) Because defendant perfected his said appeal too late, as aforesaid, and because said appeal is not perfected as required by law, and is altogether insufficient in law, and should be dismissed."

The several assignments of error are to the effect that none of the grounds urged in the motion is sufficient to authorize or sustain the judgment of dismissal.

The crucial question to be decided, to which all others are subsidiary, is: Was the appeal bond filed in time to confer jurisdiction on the county court? The statute provides that the party appealing from a justice's court "shall within ten days from the date of the judgment file with the justice a bond," etc. Rev. St. 1895, art. 1670. What is to be taken as the date of the judgment—the date it shows upon its face to have been rendered, or, if a motion for a new trial was made, the date it was acted upon—is, in view of the confusion engendered by a multitude of conflicting opinions of the various appellate courts of this state, a vexed question. In discussing the question in Jackson v. Coates, 43 S. W. 24—a case where the appeal bond was not filed within 10 days after the overruling of the motion for a new trial—Mr. Chief Justice Finley says: "It was first held by the Court of Appeals, exercising jurisdiction in civil matters, that the appeal bond was required to be filed within 10 days from the date of the judgment. Conally v. Gambull, 1 White & W. Civ. Cas. Ct. App. § 90. The commission of appeals, about the same time, also held that the bond was required to be filed within 10 days from the rendition of the judgment. Bach v. Ginacchio, 1 White & W. Civ. Cas. Ct. App. § 1310. Both of these cases were subsequently overruled in the case of Missouri Pac. Ry. Co. v. Houston Flour Mills Co., 2 Willson, Civ. Cas. Ct. App. § 571. This last decision appears to have been made in 1885, while the overruled cases appear to have been decided in 1881. Again, in 1886, this question was passed upon by the Court of Appeals, and it was again held that the bond may be filed within 10 days from the date of the rendition of the judgment overruling the motion for new trial. Grant v. Fowzes, 3 Willson, Civ. Cas. Ct. App. § 105. In 1888 the question was presented to our Supreme Court in the case of Jones v. Collins, 70 Tex. 752, 8 S. W. 681. In that case Mr. Walker, J., says: 'Judgment was rendered in a justice court May 1, 1885. Motion for new trial was filed May 2d. It was not acted on within 10 days, and on May 15th, at request of the defendant, it was overruled, and he gave notice of appeal. On the 21st of May he filed an appeal bond. The appeal was dismissed, and from the judgment an appeal to this court was prosecuted. The Court of Appeals in Grant v. Fowzes, 3 Willson, Civ. Cas. Ct. App. § 105, has held:

"If a motion for new trial has been filed within five days after the rendition of the judgment, but no action has been had thereon within ten days after the rendition of the judgment, such motion would be considered as overruled on the tenth day after the date of the judgment, and a party would in such case have ten days thereafter within which to file his appeal bond." The rule of decision upon this subject ought to be the same in all the courts. The subject being peculiarly within the jurisdiction of the Court of Appeals, we regard the decisions of that court as authoritative, and we are unwilling to revise them.' The statute is practically the same now as when these decisions were rendered, and we will not now enter into the question of an original construction of the statute, but will follow the line of decisions indicated."

It is said by Mr. Justice Pleasants in Woldert v. Boonville Elevator Co., 42 Tex. Civ. App. 524, 94 S. W. 108: "It is well settled that the 10 days within which an appeal from the judgment of a justice court must be perfected runs from the date of the order overruling the motion for a new trial"—citing 2 Willson, Civ. Cas. Ct. App. § 571, and 3 Willson, Civ. Cas. Ct. App. § 105; Jones v. Collins, 70 Tex. 752, 8 S. W. 681; T. & P. Ry. v. Gill, 28 S. W. 911.

In Milo v. Nuske, 95 Tex. 241, 66 S. W. 544, the Supreme Court, in considering the question whether a bond from the county to the district court in probate proceedings must be filed within 15 days from the rendition of the order complained of in order to give the latter court jurisdiction, after observing that by article 1670, Rev. St. 1895, "the time of appeals from justice courts is made to run from 'date of judgment,' but by other provisions the right is given to make motions for new trials and the duty is imposed on the justice to act upon them," deemed it unnecessary to inquire whether the decisions holding that the limitation on an appeal ran from the order upon motion for a new trial were reconcilable with its decision in Cooper v. Yoakun, 91 Tex. 391, 43 S. W. 871, in view of the fact that no such provision for a new trial in probate matters is found in the statute. The matter stands as decided in the case of Jones v. Collins, Jackson v. Coates, and the other cases before cited. Though there may be doubt about the correctness of those opinions, we think it our duty in view of the rule of stare decisis to follow them. It was not necessary for an application made in the justice court for a new trial upon the ground of the insufficiency of the evidence to support the judgment to be sworn to in order for the losing party to prosecute an appeal from the judgment; nor that notice of the motion be given his adversary.

The trial court erred in dismissing the appeal. Wherefore, its judgment is reversed and the cause remanded, to be tried on its merits. Reversed and remanded.