## ROBINSON v. THOMPSON.
### No. 987.

Court of Civil Appeals of Texas. Waco.

Jan. 8, 1931.

Simpson, Collins & Moore, of Fort Worth, for appellant.

R. C. Fuller, of Fort Worth, for appellee.

BARCUS, J.

Appellee instituted this suit in the justice court against appellant where he recovered judgment on July 24, 1929. Appellant filed a motion for new trial in said court on July 26, 1929, and the justice of the peace noted on his docket that said motion for new trial was by operation of law overruled on August 3, 1929.

On August 13, 1929, appellant filed and had approved his appeal bond in the justice court. The record was filed in the county court at law No. 1 on August 15, 1929. Appellee filed his motion in said court asking that the appeal from the justice court be dismissed because the bond was not filed in the justice court within ten days after final judgment was rendered in said court; his contention being that the date of the final judgment was July 24th instead of August 3, 1929, the date the motion for new trial was overruled by operation of law. The trial court sustained the motion and dismissed the appeal. Appellant presents said ruling for review.

Article 2456 of the Revised Statutes provides that a party appealing from a judgment rendered in the justice court shall, within ten days from the date of the judgment, file a bond, and, if said bond is so filed and approved, the appeal is thereby perfected to the county court. This is practically the same statute that has existed from the earliest days in Texas jurisprudence. The early decisions supported the action of the trial court. The rule now, however, is well settled that the party appealing has ten days from the date the motion for new trial is overruled in said court in which to file his appeal bond. Jones v. Collins, 70 Tex. 752, 8 S. W. 681; Grant & Kenner v. Fowzes Bros., 3 Willson, Civ. Cas. Ct. App. § 105, page 131; Missouri Pacific Railway Co. v. Houston Flour Mills Co., 2 Willson, Civ. Cas. Ct. App. § 571, page 504; Conner v. Lowey (Tex. Civ. App.) 149 S. W. 199; Gottlich v. Gregory & Walton (Tex. Civ. App.) 132 S. W. 843. In Jones v. Collins, supra, the Supreme Court, passing on the identical question involved in this cause in reversing the action of the county court for dismissing the appeal from the justice court, quoted with approval the following from Grant & Kenner v. Fowzes Bros., supra:

' "If a motion for new trial had been filed within five days after the rendition of the judgment, but no action has been had thereon within ten days after the rendition of the judgment, such motion would be considered as overruled on the tenth day after the date of the judgment, and party would in such case have ten days thereafter within which to file his appeal-bond."

Appellant, having filed and had approved his appeal bond in the justice court within the ten days allowed by law after his motion for new trial in said court was overruled, thereby perfected his appeal to the county court, and it was error for the trial court to dismiss same.

The judgment of the trial court is reversed, and the cause remanded.