## WITT v. GILL.

### No. 9380.

Court of Civil Appeals of Texas. San Antonio.

May 30, 1934.

Rehearing Denied June 27, 1934.

Atlas Jones, of Uvalde, for appellant.

Ditzler H. Jones, of Uvalde, for appellee.

FLY, Chief Justice.

This suit originated in the justice's court and was instituted by appellant to recover of appellee certain live stock and farming implements which she alleged he held and was her property. In the justice's court appellant recovered against appellee, but, on appeal to the county court, where the cause was tried before a jury, a verdict and judgment was

rendered in favor of appellee for the property.

The jury found in answer to special issues that Mrs. Witt was the owner of the property in controversy, but that she had authorized her son, M. L. Witt, to sell the property to appellee, and also found that the said M. L. Witt turned over to appellee the personal property in controversy in payment of $221.32, and advised J. W. Gill that, if he (M. L. Witt) did not redeem said property within ninety days from July 31, 1931, by paying J. W. Gill $221.32, the title to said property should pass to and vest in J. W. Gill, and also found that on or about July 31, 1931, M. L. Witt owed J. W. Gill $221.32.

The evidence showed that appellee was employed by M. L. Witt to work on his ranch and became indebted to appellee in the sum of $301.32. As a payment on the debt M. L. Witt allowed appellee to take the crop raised by him, which he sold for $80, which was applied on the debt of M. L. Witt, leaving a balance due of $221.32. In the settlement of this balance M. L. Witt turned over to appellee the property sued for by Mrs. Witt, on the condition that, if he did not pay off the debt within ninety days, the property should become the property of appellee. Mrs. Witt, the mother, claimed that the property was hers and that M. L. Witt had no authority to sell or dispose of it to appellee. The jury, after hearing the testimony, found, as above stated, that she owned the property but had authorized her son to dispose of it.

The first proposition is to the effect that the affidavit of inability to give a bond for costs was not made in the statutory five days required from the time of the judgment, and that therefore no appeal was perfected by appellee to the County Court. The record discloses that a motion for new trial was made by appellee in the justice's court, and that on the day it was overruled he filed the necessary affidavit of inability to give an appeal bond. The statute (Vernon's Ann. Civ. St. art. 2457) requires that the appeal bond must be filed within five days from the time the judgment was rendered, and we think that this clearly means the final judgment. The final judgment in this cause was not rendered until the motion for new trial was overruled by the justice of the peace, and the five days in which to file the appeal bond or pauper's oath would begin from the date of the denial of the motion for new trial. This rule has been fully sustained by the Court of Civil Appeals at Waco, as reported in the case of Robinson v. Thompson, 34 S.W.(2d) 635. While the time referred to in the statute was ten days under the old requirement, still it is directly in point in this case. The decision is that time for filing the appeal bond begins from the date of overruling the motion for new trial. We overrule the first proposition.

The remaining propositions are overruled. The testimony was sufficient to sustain the verdict of the jury, and the judgment is affirmed.