Dewey WILKINSON, Appellant,

v.

Russell L. GODDARD, Appellee.

No. 3269.

Court of Civil Appeals of Texas.

Waco.

April 21, 1955.

James H. Martin, Dallas, for appellant.

John P. Koons, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff Goddard sued Defendant Wilkinson for damages, alleging breach of contract to purchase a bar or beer tavern. Plaintiff alleged that he and Defendant entered into an oral contract whereby Defendant agreed to buy from Plaintiff a place of business known as "Russ's Bar", located at 2403 N. Henderson St., Dallas, Texas, for a price of $3,250, and then refused to carry out the contract. Plaintiff then sold the place for $2,000 and sues Defendant for the difference. The case was tried by the court without a jury, which rendered judgment for the Plaintiff for $1,200.

Upon request the Trial Court made the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1-2) In August 1953 Plaintiff offered to sell, and Defendant agreed to buy Plaintiff's business known as Russ's Bar, for the sum of $3250, together with the assumption by Defendant of approximately $55 indebtedness on a cigarette machine.

3) Plaintiff had oral permission of his landlord through the landlord's agent, J. R. Carmichael, to sublease the premises to Defendant.

4) The contract between Plaintiff and Sorrells introduced by Defendant, had been abandoned by Plaintiff and Sorrells, prior to the negotiations between Plaintiff and Defendant.

5) Plaintiff had secured the consent of Marion Cole, who held a mortgage on the fixtures in Russ's Bar, to execute a release of said mortgage for a sum of money less than the total consideration agreed on between Plaintiff and Defendant.

6) Plaintiff stood ready, willing and able to convey the business to Defendant; that he offered, attempted and insisted that such be done.

7) The Defendant, because of personal differences, refused to perform

his obligation under the contract to pay Plaintiff the sum of $3250.

8) Plaintiff continued to insist that Defendant perform, and at first Defendant stalled off performance, then refused to perform his obligation under the contract.

9) Plaintiff then sought to sell the business, and the best price Plaintiff was reasonably and fairly able to obtain for said business thereafter was $2000.

10) Plaintiff sold his business approximately one month after Defendant finally refused to pay Plaintiff or to perform under the contract.

11) Plaintiff then sold the business for $2000 and was therefore damaged in the difference of the contract price and the ultimate sales price found to be $1200.

12) All during the times Plaintiff and Defendant were negotiating and, on the date of final agreement, and at all material times thereafter, Frances Hamilton was operating Plaintiff's business on a month to month basis.

13) Plaintiff and Augustus Chinworth, Jr. had the premises in question under lease from Frank Lotario.

### Conclusions of Law

1) Plaintiff and Defendant entered into a binding contract in August 1953 whereby Plaintiff agreed to sell his business known as Russ's Bar and Defendant agreed to buy the same for $3250, together with the assumption by Defendant of a $55 indebtedness on a cigarette machine.

2) Upon tender of performance by Plaintiff and refusal of performance by Defendant, Plaintiff was entitled at law to elect to sue for damages for breach of contract as he did, and was relieved of further performance of the contract on his part.

3) The measure of damages to which Plaintiff is entitled is the difference between the contract price, and the price which Plaintiff was reasonably able to obtain, such difference being $1200.

4) When Sorrells abandoned the premises and his contract with Plaintiff, the Plaintiff was at liberty to sue on said contract or consider the same at an end, which latter Plaintiff did and thereafter made the contract with Defendant.

Defendant appeals on four Points: 1) That there was no valid offer and acceptance, no mutuality and no actual meeting of the minds between the Plaintiff and Defendant. 2) That the correct measure of damages was not the difference in the contract price and the price at which Plaintiff later sold the business. 3) That the Trial Court erred in omitting to make a finding on an essential ultimate issue of fact. 4) The Findings of Fact and Conclusions of Law made by the Trial Court are not supported by believable evidence of probative force.

Defendant's 1st Point is that there was no valid offer and acceptance, no meeting of the minds between Plaintiff and Defendant on the sale of the Bar, and hence no contract. Defendant contends that the alleged sale price was sharply conflicting; that the written consent of the owner of the premises for sublease had not been obtained; that no release from the tenant in possession had been obtained; that ascertainment of amount of mortgage on the fixtures and release thereon had not been obtained; that the Bulk Sales Law, Vernon's Ann. Civ.St. art. 4001 et seq., was not complied with; that Bill of Sale had not been prepared; that time for transfer of title and possession had not been fixed; that transfer of beer license had not been arranged; and that release from Sorrells, the previous lessee, had not been obtained. It is the position of the Defendant that the above enumerated items had not been attended to, and that such being the case, that discus-

sions never got beyond the negotiations state; and that consequently there was no meeting of the minds of Plaintiff and Defendant, and hence no valid contract.

■ It is fundamental law that Findings of Fact by the Trial Court, if sustained by *any* evidence, will be sustained by the appellate court. Here the Trial Court found that Plaintiff agreed to sell the business and Defendant agreed to buy the business for $3250; that the landlord's permission was obtained; that Sorrells had abandoned his lease contract prior to negotiations between Plaintiff and Defendant; that the mortgage holder had agreed to release; that Plaintiff stood ready and able to convey the business. A review of the Statement of Facts reveals that Defendant himself testified that he agreed with Plaintiff to purchase the bar for $3250 plus the assumption of indebtedness against the cigarette machine, and that the mortgage holder had agreed to deliver a release. Without specifically reciting the evidence, we find and hold that all of the Trial Court's findings are amply supported therein.

■ As to the preparation of the Bill of Sale, arranging for a transfer of beer license, and complying with the Bulk Sales Law—these points have nothing to do with the validity of the oral contract reached.

Defendant complains in his 2nd Point that the difference in the contract price and the price for which Plaintiff later sold the business was not the proper measure of damages. Defendant further contends here that Plaintiff should have waited longer to sell the premises in an effort to get a greater price and minimize the damages.

■ The contract price was $3250. Upon the refusal of Defendant to consummate the contract, the Plaintiff was privileged to elect one of three remedies. He could either sue for specific performance, retain the property and sue for the differ-

ence in the contract price and the market value, or he could re-sell at the best obtainable price and sue for the difference in the contract price and the resale price. The Plaintiff chose the latter cited remedy and the measure of damages was correctly applied by the court. Waples v. Overaker, 77 Tex. 7, 13 S.W. 527; Bowden v. Southern Rock Island Plow Co., Tex.Civ.App., 206 S.W. 124; 37 Tex.Jur., secs. 279, 280, 281.

■ The evidence sustains the finding by the Trial Court that Plaintiff sold the business for $2,000, which was the best price Plaintiff was reasonably and fairly able to obtain. Plaintiff did all that was incumbent upon him to do—that is to sell for the best price obtainable. See: Houston Packing Co. v. Dunn, Tex.Civ.App., 176 S.W. 634; Woldert Grocery Co. v. Boonville Elevator Co., 42 Tex.Civ.App. 524, 94 S.W. 108; 37 Tex.Jur., sec. 281.

■ Defendant's 3rd Point is levelled at the alleged failure of the Trial Court to find an essential ultimate issue of fact. Defendant contends that there was no finding as to the market value of the property. Since Plaintiff elected the remedy that he did, viz.: to sell the property at the best obtainable price and sue for the difference in the price obtained and the contract price, market value was an immaterial fact which it was not for the court to make a finding on.

Defendant's 4th Point contends that the Findings of Fact and Conclusions of Law made by the Trial Court are not supported by believable evidence of probative force. We have carefully examined the Statement of Facts and find that all of the Trial Court's findings are amply supported by the evidence and that the evidence supporting the findings is both believable and of probative force.

All of Defendant's Points are overruled and the judgment of the Trial Court is accordingly affirmed.