COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ARMANDO RAMIREZ,                                      )

                                                                              )              No.  08-02-00265-CV

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )           
County Court at Law #2

TRACEY ARCHIE and TRUSSELL
DAVIS,       )

                                                                              )            
of Ector County, Texas

Appellees.                          )

                                                                              )                    (TC# 16,512)

 

 

MEMORANDUM   OPINION

 

Appellant Armando
Ramirez appeals the trial court=s
judgment in an appeal from the justice court. 
In his sole issue, Mr. Ramirez contends the trial court erred in
entering any judgment other than a dismissal after finding that the court did
not have jurisdiction over the appeal. 
We vacate the county court=s
judgment and dismiss that appeal for want of jurisdiction.

BACKGROUND








This suit arises
out of a dispute between the parties for the value of Appellees= vehicle, which Mr. Ramirez was hired
to repair.  Appellees
brought suit in a justice court, alleging that Mr. Ramirez did not have
permission to perform certain work on the vehicle and disputing whether they
should have to pay for the additional costs. 
After a hearing, the justice court rendered a judgment in favor of Mr.
Ramirez on October 11, 2001.  On October
23, 2001, the justice court set aside its judgment, stating that under the
Rules of Civil Procedure, it had plenary power to take such action for thirty
days after the judgment was signed.  On
the same date, the justice court entered a take-nothing judgment against Appellees and Mr. Ramirez was discharged.  On October 29, 2001, the justice court denied
Appellees=
motion for new trial.  On November 7,
2001, Appellees filed an appeal bond, which was
approved on November 9, 2001.  

On de novo
review before the County Court at Law Number Two of Ector County,
Mr. Ramirez filed a plea to the jurisdiction, arguing the October 23, 2001
judgment of the justice court was void because that court lost jurisdiction ten
days after entry of the October 11, 2001 judgment.  Mr. Ramirez also argued that the County Court
lacked jurisdiction because Appellees did not appeal
the October 11, 2001 judgment within ten days. 
After a hearing, the County Court entered a judgment in which it found
that it did not have jurisdiction to hear Appellees= appeal from the justice court.  Despite its finding of lack of jurisdiction,
the trial court proceeded to address  Appellees= claims for AApplication
for Declaratory Relief and Conversion@
construing the original justice court judgment to be an award of $227 to Mr.
Ramirez as the reasonable charge for repairs made on the vehicle.[1]  The trial court found that since this was the
construction pled by Appellees, this finding was in
their favor.  Mr. Ramirez now brings this
appeal, challenging the County Court=s
judgment.

DISCUSSION

Plenary
Power of the Justice Court








In the justice
court=s October
23, 2001 order to change the judgment, it determined it had plenary power over
the judgment and authority to change it within thirty days.  The justice court=s
reasoning was based on the plenary power of a trial court over its judgment for
thirty days after signing the judgment. 
Under Rule 523 of the Texas Rules of Civil Procedure, A[a]ll rules
governing the district and county courts shall also govern the justice courts,
insofar as they can be applied, except where otherwise specifically provided by
law or these rules.@  Tex.R.Civ.P. 523.  The trial court has plenary power to grant a
new trial or to vacate, modify, correct, or reform its judgment within thirty
days after the judgment is signed.  Tex.R.Civ.P. 329b(d).  Nothing in the Rules of Civil Procedure
suggests that Rule 329b(d), grant of plenary power,
applies to the justice courts.  To the
contrary, from Rules 567 and 571, which govern new trials in the justice court
and appeals from the justice court, respectively, it appears that justice courts
unlike district and county courts do not have a thirty-day grant of plenary
power.








The procedures and
appellate timetable for justice court judgments indicate that the justice court
judgment in this case became final ten days after that judgment was
rendered.  Rule 567 provides that a
justice, within ten days after the rendition of a judgment in any suit tried
before him, may grant a new trial.  Tex.R.Civ.P. 567.  The Texas Supreme Court has held that a
motion for new trial in justice court is overruled by operation of law if the
justice has not acted on the motion on the tenth day after the rendition of the
judgment.  Jones v. Collins, 70
Tex. 752, 8 S.W. 681 (1888); see Searcy v. Sagullo,
915 S.W.2d 595, 596 (Tex.App.--Houston [14th Dist.]
1996, no writ).  Under Rule 571, a party
appealing a judgment from a justice court has ten days Afrom
the date a judgment or order overruling [a] motion for new trial is signed . .
.@ to file an appeal bond with the justice
court.  Tex.R.Civ.P. 571.  Thus, a party who files a motion for new
trial in a justice court has a maximum period of twenty days from the signing
of the judgment to file an appeal.  Searcy,
915 S.W.2d at 597. 
In this case, the justice court rendered its judgment on October 11,
2001.  On October 23, 2001, twelve days
after the judgment was rendered, the justice court set aside its judgment and
signed a modified judgment.  There is
nothing in the record to indicate that any party in this suit filed a motion
for new trial or motion to set aside the judgment within five days after the
rendition of the judgment on October 11, 2001. 
See Tex.R.Civ.P. 569. 
Thus, the justice court=s
October 23 modified judgment was signed outside the court=s period of plenary power and is
void.  Since Appellees
did not appeal the October 11 judgment within ten days after it was rendered,
it became final on Monday, October 22, 2001. 
See Tex.R.Civ.P. 4.








Mr. Ramirez filed
a plea to the jurisdiction in the County Court, challenging its jurisdiction to
hear Appellees=
appeal.  The County Court was correct in
determining that the justice court had lost its plenary power to modify the
October 11 judgment and should have declared the October 23 judgment void and
dismissed the appeal to the county court for lack of jurisdiction.  However, in its judgment, the court attempted
to address the Aremaining
claims of Application for Declaratory Relief and Conversion@ and construed the justice court=s judgment to mean that
Mr. Ramirez was due $277 as a reasonable charge for repairs to Appellees=
vehicle and that upon payment, the mechanic=s
lien was to be extinguished and the vehicle returned to Appellees.  The County Court erred in reaching the merits
of the case on appeal to that court.[2]  Mr. Ramirez=s
sole issue is sustained.

Accordingly, the
county court at law=s
judgment is vacated and that appeal is dismiss for want of jurisdiction, and we
hereby order that the October 11 judgment from the justice court is final. 

 

 

June
10, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
There are no pleadings related to Appellees= claims for AApplication
for Declaratory Relief and Conversion@
in the record before this Court.





[2]
Apparently, the trial court was attempting to resolve the remaining dispute
between the parties over the status of the vehicle.  At the hearing on the plea to the
jurisdiction, the following exchange occurred:

 

The
Court:        There -- the case-- is there
anything disposing of the car?

 

Defense:           There is nothing in the case that
disposes of the car by way of the pleadings. 
And so it=s
not clear, the status of the car. 
Now, my clients have at one time offered the $227, and I think if I
asked them they=d offer
it today if they could have the car back in the condition that it=s in right now.

 

The
Court:        Well --

 

Defense:           And if this isn=t disposed of here, then the next
lawsuit is a conversion for the automobile on a more specific pleading of a
wrongful lien after they=ve made tender.

 

The
Court:        It just would appear that if
we could somehow go forward with this case it would clear up having a lot of
other work done.  I just need to make
sure I have a leg to do anything on.  So
what I=ll do is I want y=all
to come back.  I know -- I don=t know if I do, though.  Let=s
just come back Wednesday morning at 9:00, I=ll have the answer for you between now and then.  Okay?

 

Defense:           Thank you, Judge.

 

The Court:        And I=ll rule on your motion and then we=ll see what we can do. 
Okay?  All
right.  We=re off the record.