# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00778-CV

---

**Juan A. Martin-de-Nicolas, Appellant**

**v.**

**Rex Jones, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-17-002156, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Juan Martin-de-Nicolas, acting pro se, appeals from the county court's denial of his petition for bill of review. For the following reasons, we affirm.

## BACKGROUND

In 2012, Martin-de-Nicolas sued Rex Jones in justice court for negligence after an automobile accident with Jones's parked car. The justice court rendered a take nothing judgment on July 11 after a jury verdict in Jones's favor, and then denied a motion for new trial and judgment notwithstanding the verdict on August 1. Martin-de-Nicolas alleges that "on August 1, 2012, the court clerk misinformed him about the number of days he had to file his appeal bond— clerk said ten days." The docket sheet states that on August 1, "ASKED HOW MANY DAYS HE HAS TO APPEAL[;] TOLD HIM 10 DAYS." Martin-de-Nicolas waited until August 15— ten *business* days—to file his cash bond.

The cause was transferred to the county court for the appeal. Jones moved to dismiss the cause with prejudice for lack of jurisdiction, asserting that Martin-de-Nicolas did not timely perfect his appeal from the justice court. A hearing on the motion was set, then cancelled and reset. At the reset hearing, Martin-de-Nicolas did not appear, and the county court entered judgment dismissing the cause with prejudice. Three months later, Martin-de-Nicolas filed a response to the motion to dismiss and a motion for reinstatement and reconsideration—alleging that he was not served with the motion to dismiss, notified of the hearing or judgment, or provided time to cure procedural defects—but the county court determined that its plenary power had expired.

Martin-de-Nicolas then filed a restricted appeal, and we affirmed the county court's dismissal. *See Martin-de-Nicolas v. Jones*, No. 03-13-00318-CV, 2014 WL 4414827 (Tex. App.—Austin Aug. 28, 2014, pet. denied) (mem. op.). We concluded that there was no error on the face of the record regarding notice and that any alleged errors were harmless because Martin-de-Nicolas failed to timely perfect his appeal from the justice court. *Id.* at *2–3. We addressed the timing of Martin-de-Nicolas's appeal bond to perfect his appeal, holding:

> [Martin-de-Nicolas] has failed to show that any of the alleged errors by the county court at law harmed him. The county court at law's dismissal was based on his failure to perfect his appeal from justice court timely. He does not allege or provide evidence that the dates in the record for the rendition of the justice court's judgment, the filing of his motion for new trial, and the filing of his appeal bond are incorrect. The justice court rendered the take-nothing judgment based on the jury's verdict on July 11, 2012. The justice court had ten days in which to grant a new trial. *See* former Tex. R. Civ. P. 567. The ten days include all days, including weekends, unless the final day falls on a weekend or holiday; because the tenth day after that judgment fell on a Saturday, the justice court's time to grant a new trial rolled forward to July 23, 2012. *See id.* R. 4 (computation of time), 523 (rules governing district and county courts govern justice courts unless otherwise provided). Because the justice court did not grant a new trial by that date, it no longer had the power to grant a new trial, and [Martin-de-Nicolas]'s

2

motion for new trial was overruled by operation of law on that date. *See Searcy v. Sagullo*, 915 S.W.2d 595, 596–97 (Tex. App.—Houston [14th Dist.] 1996, no writ); *see also Jones v. Collins*, [] 8 S.W. 681, 681 (Tex. 1888). [Martin-de-Nicolas] had ten days thereafter in which to file his appeal bond. *See* former Tex. R. Civ. P. 571. His time to file his appeal bond expired on August 2, 2012. Even if we were to use the trial court's August 1, 2012 denial of [Martin-de-Nicolas]'s post-judgment motions as the trigger date, his appeal bond was due on Monday, August 13, 2012. His appeal bond, filed on August 15, 2012, was too late to perfect his appeal under either scenario. None of the alleged acts or omissions by appellee and the county court at law affected those perfection timetables, [Martin-de-Nicolas]'s failure to comply with them, or [Martin-de-Nicolas]'s ability to correct his failure to file the appeal bond timely. . . . The record in this case . . . lacks the critical element of a timely-filed attempt at perfection by [Martin-de-Nicolas].

*Id.* at *3–4. The mandate issued in 2015.

In 2017, Martin-de-Nicolas petitioned for bill of review to set aside the county court's judgment dismissing the appeal, attached evidentiary exhibits, and requested a pretrial conference. He alleged that he was prevented from pursuing his meritorious claim on appeal to the county court because Jones did not serve him with notice of the dismissal hearing and because the county court did not send notice of the judgment to dismiss. Jones answered and moved to dismiss the bill of review. After a hearing, the county court signed an order denying the petition.

Upon request, the county court issued findings of fact detailing the procedural history of the case and conclusions of law stating that the appeal from the justice court was never perfected, the county court never obtained jurisdiction, and Martin-de-Nicolas is not entitled to a bill of review because he failed to prove a lost opportunity and a meritorious appeal. As relevant here, the county court concluded, "The County Court's lack of jurisdiction over [Martin-de-Nicolas's] appeal is an objective reality that would not have been changed by Plaintiff receiving the Motion to Dismiss earlier or participating in the hearing on [the Motion to

3

Dismiss]." The county court then denied Martin-de-Nicolas's motion for new trial. Martin-de-Nicolas appeals from the county court's order denying his petition for bill of review.

**DISCUSSION**

On appeal, Martin-de-Nicolas raises a single issue: "Is a bill of review barred—as a matter of law—when the bill of review plaintiff has priorly prosecuted a restricted appeal where error was not apparent on the face of the record?"

"A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial." *King Ranch, Inc v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see* Tex. R. Civ. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause[.]"). "We review a trial court's order granting or denying a bill of review for abuse of discretion, indulging every presumption in favor of the trial court's ruling." *Bialaszewski v. Bialaszewski*, 557 S.W.3d 88, 91 (Tex. App.—Austin 2017, no pet.).

"[T]he grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point." *Chapman*, 118 S.W.3d at 751. The Texas Supreme Court has instructed that a petitioner must generally plead and prove three elements to obtain an equitable bill of review: "(1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). Noting that it has "never held that failing to file a restricted

4

appeal bars a bill of review" and that such failure "could only be relevant to the last [element], and then only if it constituted fault or negligence," the Texas Supreme Court has held that the failure to file a restricted appeal does not bar a bill of review. *Gold v. Gold*, 145 S.W.3d 212, 213–14 (Tex. 2004) (per curiam). Following this logic, we agree with Martin-de-Nicolas that filing an earlier restricted appeal does not necessarily bar a bill of review as a matter of law. *See General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 & n.2 (Tex. 1991) ("This court having concluded that [the restricted] appeal is not available, there is no bar to Falcon Ridge seeking bill of review in the district court.").

Our inquiry, however, is not yet finished. The county court concluded that Martin-de-Nicolas did not meet his burden to establish "the required element of a meritorious appeal." A bill of review petitioner must allege, with particularity, sworn facts sufficient to constitute a meritorious claim or defense in the original suit and, as a pretrial matter, present prima facie proof to support the contention. *See Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004) (per curiam); *Stokes v. Corsbie*, No. 03-17-00469-CV, 2018 WL 6816824, at *2 (Tex. App.—Austin Dec. 28, 2018, no pet.) (mem. op.) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 408–09 (Tex. 1979)). The preliminary determination of whether a petitioner met the burden to prove a prima facie meritorious claim or defense is a question of law. *See Stokes*, 2018 WL 6816824, at *2 (citing *Baker*, 582 S.W.2d at 408–09).

To meet his burden, Martin-de-Nicolas would have to allege with particularity sworn facts to demonstrate that he timely perfected his appeal from the justice court to the county court and present prima facie proof supporting that contention. Otherwise, the county court lacked jurisdiction, and Martin-de-Nicolas would not have a meritorious claim. *See Searcy*, 915 S.W.2d at 597 ("If the appeal bond is not timely filed, the county court is without

5

jurisdiction to hear the appeal and the appeal should be dismissed for lack of jurisdiction."). In Martin-de-Nicolas's restricted appeal, however, we already determined that he did not timely perfect his appeal to the county court. *See Martin-de-Nicolas*, 2014 WL 4414827, at \*3–4. And Martin-de-Nicolas does not allege any additional facts or present any prima facie proof as to why his appeal to the county court was timely perfected than those already presented in the restricted appeal. In fact, in his briefing before this Court, Martin-de-Nicolas argues that he "has repeatedly stated that he missed the appeals bond deadline because he received misinformation from the Justice Court clerk" and as prima facie proof he "asks this Court to take judicial notice of the record in the underlying causes of action." Having already concluded that "the record in the underlying causes of action" that we reviewed in Martin-de-Nicolas's restricted appeal does not support the fact that he timely perfected his appeal from the justice court, we conclude that Martin-de-Nicolas failed to meet his burden to plead facts and provide prima facie proof of a meritorious claim. Accordingly, the county court did not abuse its discretion in denying the petition for bill of review.

It is a well known legal maxim that courts of equity generally will not do a vain thing—a principle long recognized by Texas courts in the bill of review context. *See McEwen v. Harrison*, 345 S.W.2d 706, 710 (Tex. 1961) (noting that if bill of review plaintiff "has no meritorious defense to the suit, the setting aside of the judgment would be a vain act and a trespass on the time of the court"), *abrogated by Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988), *as recognized in PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) ("To the extent that *McEwen* may be read to foreclose a collateral attack on a judgment based on the failure to serve a party with notice, it has been overruled by *Peralta*[.]"); *Bell v. Cobb*, 296 S.W. 976, 977 (Tex. App.—Austin 1927, no writ) ("Courts of equity do not sit to remedy

6

injuries wholly technical and insubstantial, and it would be a vain proceeding to set aside a judgment only in order to again render the same judgment."). Here, as already shown, it would be a vain proceeding to set aside the county court's judgment that it does not have jurisdiction over the appeal from the justice court, only to have the county court then apply our decision in Martin-de-Nicolas's restricted appeal and render the same judgment again.

Nevertheless, following the United States Supreme Court's 1988 decision in *Peralta*, the Texas Supreme Court has noted the *Peralta* exception to the meritorious claim or defense requirement: "[I]f a [bill of review] plaintiff was not served [process], constitutional due process relieves the plaintiff from the need to show a meritorious defense." *Caldwell*, 154 S.W.3d at 96–97 (citing *Peralta*, 485 U.S. at 86–87). More recently, the Texas Supreme Court described the exception as follows: "But 'when a bill-of-review plaintiff claims a due process violation for no service [of process] or notice [of a default judgment], it is relieved of proving the first two elements' and must only prove that its own fault or negligence did not contribute to cause the lack of service or notice." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (quoting *Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam)) (alterations in original). In his petition for bill of review, Martin-de-Nicolas explained that he "will endeavor to prove all bill-of-review requirements even though he is fairly certain he qualifies for [this] exception."

Consistent with case law that has "long recognized the importance of according finality to judgments" and "held courts to stringent bill of review standards to protect that policy favoring finality," *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 510 (Tex. 2010), *Peralta*'s due process exception is of a limited nature, *see Eastin v. Dial*, 288 S.W.3d 491, 502 (Tex. App.—San Antonio 2009, pet. denied) ("The due process exception of *Peralta* is limited to those

7

instances in which the bill-of-review plaintiff was not served with valid citation in the suit in which the judgment was rendered."). This case involves neither the lack of service nor a default judgment to which *Peralta*'s exception has been applied. *See Katy Venture*, 469 S.W.3d at 163 (describing exception as applying to lack of service of process and default judgment); *Eastin*, 288 S.W.3d at 502 ("The *Peralta* exception does not apply to Eastin because he undisputedly received service of citation in the underlying matter and fully participated in the lawsuit. . . . Eastin has cited no authority to support his contention that the *Peralta* exception applies when a defendant was properly served with citation, fully participated in the lawsuit, but failed to receive timely notice of the judgment."); *cf. Maree v. Zuniga*, 577 S.W.3d 595, 601 n.3 (Tex. App.— Houston [14th Dist.] 2019, no pet.) ("Presumably, the rule in *Caldwell* does not apply in cases in which the equitable-bill-of-review plaintiff made an appearance or waived service of process in the prior case."); *McDaniel v. Hale*, 893 S.W.2d 652, 663 n.23 (Tex. App.—Amarillo 1994, writ denied) ("We note, of course, that the United States Supreme Court has held that a showing of a meritorious defense is not necessary in the very limited situation where a defendant receives no notice, be it formal or actual, of the proceedings against him. If service is merely defective, as opposed to non-existent, the bill of review plaintiff must still allege a meritorious defense." (citations omitted)).

In both the justice court and the county court, Martin-de-Nicolas was the plaintiff, not a defendant who receives service of process, and the county court's order dismissing the cause was a judgment that the county court lacked jurisdiction, not a default judgment: "The Court, after having reviewed the pleadings and considered the grounds for such Motion [for dismissal for lack of jurisdiction], is of the opinion that same should be granted." *See* Tex. R. Civ. P. 99(c) (describing required notice to *defendant* for service of process), 239

8

(describing circumstance by which *plaintiff* may take default judgment against *defendant*). Martin-de-Nicolas has not identified any authority in which the *plaintiff* in the original suit was excepted from the meritorious claim or defense requirement in a petition for bill of review. And our review of case law supports the opposite position. *See, e.g.*, *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (analyzing meritorious claim or defense requirement when plaintiff petitioned for bill of review following dismissal of plaintiff's earlier case even though plaintiff never received notice of intent to dismiss for want of prosecution or dismissal notice until 108 days after judgment was signed).

Moreover, the rationale underlying the *Peralta* exception does not apply to a plaintiff like Martin-de-Nicolas who is seeking a bill of review to overturn a county court's judgment dismissing for lack of jurisdiction the plaintiff's appeal from a justice court. In *Peralta*, Heights Medical Center sued Peralta to recover on Peralta's guarantee of a hospital debt incurred by one of his employees, but Peralta neither appeared nor answered before default judgment was entered. 485 U.S. at 81. Two years later, Peralta petitioned for a bill of review to set aside the default judgment, arguing that he was not personally served or provided notice of the default judgment. *Id.* at 81, 84. Heights Medical Center moved for summary judgment on the ground that Peralta had no meritorious defense, which Peralta conceded he did not have. *Id.* at 82–83. Importantly, however, Peralta argued that the lack of notice had deprived him of nonmeritorious options that could have been pursued prior to or even after the entry of the default judgment: "[H]ad [Peralta] had notice of the suit, he might have impleaded the employee whose debt had been guaranteed, worked out a settlement, or paid the debt. He would also have preferred to sell his property himself in order to raise funds rather than to suffer it sold at a constable's auction." *Id.* at 85–86. The Supreme Court agreed with Peralta and held that

9

requiring that the default judgment "stand absent a showing of a meritorious defense to the action in which judgment was entered without proper notice" had "substantial adverse consequences" to Peralta and therefore violated constitutional due process. *Id.* at 86.

Here, in contrast, Martin-de-Nicolas had participated in a jury trial in justice court, the justice court had entered judgment against Martin-de-Nicolas, Martin-de-Nicolas—not Jones—had attempted to bring the appeal to the county court, and the county court had dismissed the appeal for lack of jurisdiction after considering the merits of the jurisdictional issue. Martin-de-Nicolas has not identified a "substantial adverse consequence[]" that would violate his constitutional due process if we let stand the county court's judgment dismissing the appeal for lack of jurisdiction absent a showing of a meritorious claim. For these reasons, we conclude that the *Peralta* exception does not apply here.

## CONCLUSION

Importantly, our conclusion today that the *Peralta* exception is inapplicable to this case does not deprive a plaintiff like Martin-de-Nicolas of the opportunity to petition for bill of review. But it does require that the plaintiff satisfy the general requirements to be entitled to a bill of review, including to plead and prove a prima facie meritorious claim at the pretrial phase. Because in this case Martin-de-Nicolas did not meet this burden to show how the county court had jurisdiction over the original appeal from the justice court, we affirm the county court's order denying his petition for bill of review.[1]

---

[1] While this appeal was pending, Jones twice moved to dismiss the appeal as vexatious and harassing and moved for sanctions. Given the circumstances of this appeal, however, we deny these motions.

10

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   April 24, 2020

11