C.R. SEARCY, Appellant,

v.

Manuel R. SAGULLO, Appellee.

No. 14–94–01118–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1996.

Leslie D. Snipes, Houston, for appellant.

Jeffrey P. Fultz, Houston, Ryan A. Beason, Houston, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant, C.R. Searcy, appeals the dismissal of an appeal[1] to county court-at-law from justice court. In four points of error, he contends the appeal should not have been dismissed. We affirm.

Searcy brought an action in justice court attempting to recover from appellee, Manuel Sagullo, for damage done to his property while Sagullo was leasing the property. The justice court found for Sagullo and entered a take-nothing judgment against Searcy on March 3, 1994. Searcy timely filed a motion for new trial which the justice court attempted to grant on March 15, 1994. On June 2, 1994, Searcy filed a notice of appeal and bond with the county court-at-law. Sagullo filed a Motion to Dismiss for Want of Subject Matter Jurisdiction which the county court granted. Searcy brings this appeal contending that the county court improperly dismissed his appeal and the matter should be retried pursuant to the justice court's order granting a new trial.

Rule 567 provides that a justice court may grant a new trial within ten days of rendering judgment. Tex.R.Civ.P. 567.[2] Unlike motions for new trial in district and county courts, filing a motion for new trial in justice court does not enlarge the time period

---

1. Throughout this opinion, we have stated that a party may **appeal** from a judgment in the justice court. A party receives *de novo* review in the county court which is essentially a new trial before a different judge. *See* Tex.R.Civ.P. 574b.

2. We note that rule 567 provides that the new trial time period begins when judgment is **rendered** rather than when the judgment is **signed** as is the case in district and county courts. *Com-* *pare* Tex.R.Civ.P. 567 *with* Tex.R.Civ.P. 329b. Based on the justice court's docket sheet and the judgment entered in this case, it appears that the court rendered judgment on February 24, 1994, and signed the judgment on March 3, 1994. Because the issue was not briefed or discussed by either party and it does not effect the outcome of the case, we have used the later date.

for filing an appeal bond. *Compare* TEX. R.CIV.P. 567 *with* TEX.R.APP.P. 41(a)(1); *see also* 31 WICKER, *Texas Practice* § 4.04, at 256 (1985). Because the justice court did not act on Searcy's motion for new trial, it was overruled by operation of law on March 14, 1994, on Monday, ten days after the justice court rendered judgment. *See Jones v. Collins,* 70 Tex. 752, 8 S.W. 681 (1888) (holding a motion for new trial in justice court is denied by operation of law on the tenth day if the justice does not act on the motion within the time period); *see also* TEX.R.CIV.P. 4 ("the last day of the period ... is to be included, unless it is a Saturday, Sunday or legal holiday"). A party also has ten days from "the date a judgment or order overruling [a] motion for new trial is signed" to file an appeal bond with the justice court. TEX.R.CIV.P. 571. If the appeal bond is not timely filed, the county court is without jurisdiction to hear the appeal and the appeal should be dismissed for lack of jurisdiction. *Fruit Dispatch Co. v. Independent Fruit Co.,* 198 S.W. 594, 595 (Tex.Civ.App.—Dallas 1917, no writ); *see also Cotten v. Bier,* 169 S.W.2d 502, 503 (Tex.Civ.App.—Amarillo 1943, no writ). Thus, if a party files a motion for new trial in justice court, there is a **maximum** of twenty days to file an appeal bond. Because Searcy did not file an appeal bond until June 2, 1994, ninety-one days after judgment was signed, the county court did not have jurisdiction over the matter and properly dismissed the appeal. *See Meyers v. Belford,* 550 S.W.2d 359, 359–60 (Tex.Civ.App.—El Paso 1977, no writ).

Searcy contends that the justice court had plenary power to grant a new trial for thirty days after the judgment was rendered. Searcy argues that because rule 523 provides that the rules governing district and county courts also apply to the justice courts "except where otherwise specifically provided by law or these rules," the thirty day grant of plenary power to district and county courts in rule 329b(e) applies. *See* TEX.R.CIV.P. 329b(e); 523. This argument fails, however, because it ignores rules 567 and 571 which specifically provide the procedures and time constraints to be used by justice courts in motions for new trial and appeals. Thus, rule 523 does not allow the justice court to grant new trials beyond the period provided in rule 567.

This court and the other courts of appeals routinely dismiss actions for lack of jurisdiction when a party fails to comply with appellate timetables. Searcy has not presented any authority which indicates that the county courts should not proceed in a similar manner under rules 567 and 571. Thus, we find that the county court properly dismissed the matter for lack of jurisdiction because the notice of appeal and appeal bond were not timely filed. Accordingly, we overrule Searcy's four points of error and affirm the judgment of the trial court.