11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

ME Okere

Appellant

Vs.                   No.
11-01-00016-CV B Appeal from Dallas County

Jeffrey Blatt

Appellee

 

This is an appeal by ME
Okere from an adverse judgment rendered against him after an appeal from a
justice court to a Dallas County Court at Law. 
The Dallas County Court at Law held that it lacked jurisdiction of Okere=s appeal.  We agree and affirm.

Okere was an employee of
the Dallas County Community College District. 
Believing that Okere had stolen chairs from it, the District fired him
and requested that he remove his personal belongings from his office.  While there is some debate over whether he
attempted to remove his property, Okere claimed that his supervisor, Jeffrey
Blatt, took it; and Okere sued him in justice court.

On January 18, 2000, the
justice court entered judgment for Blatt. 
Okere filed a motion for new trial on February 1, 2000, and the motion
was denied on February 2, 2000.  On February
14, 2000, Okere asked the justice court to reinstate his case, and his motion
for new trial was set for hearing on February 28, 2000.  The motion for new trial was denied; and, on
March 2, 2000, Okere filed an appeal bond seeking an appeal of the judgment to
a Dallas County Court at Law.

In the Dallas County Court
at Law, Blatt filed a motion to dismiss as well as a plea to the
jurisdiction.  The Dallas County Court
at Law granted the motion and the plea and dismissed Okere=s lawsuit with prejudice.

Okere brings four points
of error.  His first three points
generally deal with the jurisdictional issue. 
Because they are interrelated and because the jurisdictional issue is
dispositive of this appeal, we will address the first three issues together.








TEX.R.CIV.P. 567-570
govern new trials in the justice court. 
TEX.R.CIV.P. 571-574b govern appeals from the justice court.  

Rule 569 provides that all
motions for new trial are to be filed within five days after the rendition of
judgment in the justice court.   Rule
567 provides that a justice court may grant a new trial within ten days of
rendition of judgment.  Okere did not
file his motion for new trial within five days of the rendition of the judgment
against him.  The justice court did not
act upon the motion within ten days of the date of rendition of judgment.

Rule 571 governs the time
for filing an appeal bond in an appeal from a justice court judgment.  That rule provides that an appeal bond from
a justice court judgment must be filed within ten days after a motion for new
trial has been overruled.  The time for
filing an appeal bond is not extended by the filing of a motion for new trial
in justice court lawsuits.  Searcy v.
Sagullo, 915 S.W.2d 595 (Tex.App. B
Houston [14th Dist.] 1996, no writ). 
Okere did not file his appeal bond timely.

Because Okere filed
neither his motion for new trial nor his appeal bond in a timely fashion, the
trial court did not err in dismissing his lawsuit.  We overrule Okere=s
first three points of error.  We need
not discuss the fourth point since the trial court had no jurisdiction over the
appeal from the justice court.

The judgment of the trial
court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

September 13, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.