Affirmed and Corrected Memorandum Opinion filed July 20, 2004









Affirmed
and Corrected Memorandum Opinion filed July 20, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01205-CV

____________

 

JONATHAN LAWSON, Appellant

 

V.

 

FELIX CARRANZA, Appellee

 



 

On Appeal from the County
Court at Law

Walker County, Texas

Trial Court Cause No. 6016

 



 

C O R R E C T E D   M E M O R A N D U M   O P I N I O N

On June 10, 2004, we issued a memorandum
opinion in this case.  On our own motion,
we now withdraw that opinion and issue the following corrected memorandum
opinion in its place.  In this appeal,
appellant Jonathan Lawson seeks to overturn the county court at law=s dismissal of his
appeal from a justice court judgment because the county court had no
jurisdiction to hear the appeal.  In
response, appellee Felix Carranza requests that we sanction Lawson for filing a
frivolous appeal.  We affirm the judgment
of the court below, but we deny Carranza=s request for
sanctions.  








Procedural Background

In April of 2002, Lawson filed suit
against Carranza in justice court, seeking $3000.00 for breach of a contract
involving concrete work.  Carranza
answered, and the matter was set for trial on July 16, 2002.  Lawson, however, did not appear.  Counsel for Carranza prepared a judgment,
which the trial judge signed on July 18, 2002. 
On July 26, 2002, Lawson filed a motion for new trial.[1]  After the trial judge recused himself and the
matter was transferred to another judge, the motion for new trial was set for
hearing on August 15, 2002.  The trial
judge signed an order denying the motion for new trial that same day.  On August 23, 2002, Lawson filed an appeal
bond.

Lawson requested and received a pretrial
conference setting in the county court at law for July 29, 2003, but did not
appear on that date.  Carranza appeared
and orally moved to dismiss the case for lack of jurisdiction.  The county court granted the motion, signing
an order to that effect on July 30, 2003. 
This appeal followed.

Lawson=s Appeal

In his first issue, Lawson contends the
county court erred in ruling on Carranza=s oral motion to
dismiss for lack of jurisdiction because he did not receive service of any
motion or three days notice of a hearing on the motion as provided in Texas
Rules of Civil Procedure 21 and 21a.  In
his second issue, Lawson contends that his appeal was timely and therefore the
trial court erred in dismissing his appeal for lack of jurisdiction.  Because the second issue is dispositive, we
begin there.








Lawson contends that his appeal was timely
filed because Texas Rule of Civil Procedure 571 provides that the requirements
for filing an appeal from a justice court are satisfied when the appealing
party files a bond with the justice court within ten days from the date a
judgment or order overruling a motion for new trial is signed.  See Tex.
R. Civ. P. 571 (AThe party appealing, his agent or
attorney, shall within ten days from the date a judgment or order overruling
motion for new trial is signed, file with the justice a bond . . . .@).  Lawson contends that his appeal is timely
because the order overruling his motion for new trial was signed August 15, and
he filed his appeal bond on August 23, within ten days from the date the order
was signed.[2]


Lawson is mistaken.  In fact, Lawson has committed a fatal blunder
by relying upon Rule 571 to the exclusion of other rules that apply and to the
exclusion of the controlling case law. 
Texas Rules of Civil Procedure 566 through 570 govern new trials in the
justice court.  Rules 571 through 574b
govern appeals from the justice court. 
Rule 567 provides, in relevant part, AThe justice,
within ten days after rendition of a judgment in any suit tried before him, may
grant a new trial therein on motion in writing showing that justice has not
been done in the trial of the cause.@  See Tex.
R. Civ. P. 567.  In Searcy v.
Sagullo, this Court held that the filing of a motion for new trial does not
enlarge the time period for filing an appeal bond.  See 915 S.W.2d 595, 596 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  Therefore, if the
justice court does not act on the motion for new trial within the ten-day
period, the motion is overruled by operation of law on the tenth day after the
rendition of judgment.  Id. at
597.  Because Rule 571 provides an
additional ten-day period in which to file an appeal bond, when a party files a
motion for new trial, that party has a maximum of twenty days to file an appeal
bond.  Id.  








Lawson=s motion for new
trial, which was filed July 26, was overruled by operation of law no later than
July 28, 2002.[3]  See id. at 596B97.  Twenty days after judgment was rendered was
August 7Cten days after
Lawson=s motion for new
trial was overruled by operation of law. 
The justice court=s attempt to deny the motion for new trial
on August 15 had no effect on this timetable. 
Therefore, Lawson=s appeal bond, filed August 23, was
untimely.  See id.  Because the appeal bond was not timely filed,
the county court at law was without jurisdiction to hear the appeal.  Id. at 597.

We therefore overrule Lawson=s second issue and
affirm the judgment of the trial court. 
Because of our disposition of this issue, we need not address Lawson=s first issue.

Carranza=s Request for
Sanctions








Carranza contends Lawson=s appeal is
frivolous because even a cursory review of the law would have revealed the Searcy
court=s resolution of any ambiguity in the
rules.  See Tex. R. App. P. 45 (AIf the court of
appeals determines that an appeal is frivolous, it mayCon motion of any
party or on its own initiative, after notice and a reasonable opportunity for
responseCaward each
prevailing party just damages.@).  Sanctions are warranted, he argues, because Ano reasonable
attorney could conclude that this Court would ignore the applicable rules and
overrule itself.@ 
Carranza also complains that Lawson=s Apattern of
vexatious lethargy@ in repeatedly failing to appear in court
and requiring Carranza to respond to an appeal that is Awoefully
inadequate and wholly lacking in authority@ has done nothing
but harass him and cost him needless legal fees.  As a sanction, Carranza asks that we award
him his attorney=s fees for having to answer Lawson=s appeal. 

We have reviewed the record and carefully
considered Carranza=s arguments; nevertheless, we decline to
impose sanctions.  We therefore deny
Carranza=s request for
sanctions.

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Corrected Memorandum Opinion filed July 20, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

 











[1]  The motion is
in the form of a letter dated July 25, 2002, which Lawson contends is the day
he filed it, but there is no evidence that it was mailed on that day.  It is file-stamped Areceived@ by the
justice of the peace on the 26th.  In any
event, whether the filing date is the 25th or the 26th does not affect our
analysis.





[2]  Lawson also statesCin a cursory fashion without
argument or authorityCthat his appeal bond was taken and
approved without anyone claiming that the bond was too late.  However, the
lack of jurisdiction is fundamental error and may be raised for the first time
on appeal.  See Mapco, Inc. v. Carter,
817 S.W.2d 686, 687 (Tex. 1991). 
Moreover, jurisdiction cannot be conferred by consent, waiver or
estoppel.  See Fed. Underwriters Exch.
v. Pugh, 174 S.W.2d 598, 600 (Tex. 1943); Tourneau Houston, Inc. v.
Harris County Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.CHouston [1st Dist.] 2000, no pet.).





[3]  Rule 567
provides that the new trial period begins when judgment is rendered rather than
when the judgment is signed.  See Searcy,
915 S.W.2d at 596 n.2.  Carranza contends
the justice court rendered its judgment on July 16, 2002, when Lawson failed to
appear.  We have no hearing from that
proceeding, so we do not know if the court in fact rendered judgment that
day.  However, the record does include a
letter from Carranza=s attorney to the court, dated the same day, indicating
that the attorney was enclosing a proposed judgment for the justice=s signature; this is some indication that the justice
rendered judgment on the 16th.  However,
the judgment, signed July 18, 2002, prefaces its holdings with the following
language: AThe Court has considered the pleadings and official
records on file in this cause, the evidence, and the parties= arguments, and the Court renders the following
judgment . . . .@  This language
implies the court rendered his decision the same day it signed the order.  We therefore use the later date in our
calculations.