COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-09-157-CV

 

 

ROBERT BELL                                                                     APPELLANT

 

                                                   V.

 

COUNTY COURT AT LAW NO. 2,                                           APPELLEES

THE HONORABLE TOM BACUS
AND 

TIMOTHY SAWYER

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.      Introduction








Appellant Robert Bell, pro se, appeals the denial
of a petition for writ of mandamus he filed in the 78th District Court of
Wichita County.  Before the court are
Appellee Judge Tom Bacus=s[2]
motions to dismiss this appeal and for extension of time to file his appellee=s brief,
Appellee Timothy Sawyer=s motions for a copy of the
record and for extension of time to file his appellee=s brief,
and Bell=s motion
for a copy of the appendix to his brief and response to the motion to
dismiss.  We grant the motion to dismiss
and deny the other motions as moot.

II.     Procedural Background

Bell is an inmate in the James Allred Unit of the
Texas Department of Criminal Justice. 
Bell filed a lawsuit against Sawyer, also an inmate of the Allred Unit,
in the small claims court in Wichita County on February 21, 2008.  Both Bell and Sawyer are pro se and indigent.








Bell=s
lawsuit is governed by chapter fourteen of the civil practice and remedies
code.  Chapter fourteen governs suits
brought by an inmate in a district, county, justice of the peace, or small
claims court in which the inmate files an affidavit or unsworn declaration of
inability to pay costs.  Tex. Civ. Prac.
& Rem. Code Ann. ' 14.002(a) (Vernon 2002); Garrett
v. Borden, 283 S.W.3d 852, 853 (Tex. 2009); Hamilton v. Williams,
No. 02-07-00401-CV, 2009 WL 2751044, at *3 (Tex. App.CFort
Worth Aug. 31, 2009, no pet. h.). 
Chapter fourteen=s purpose is not to punish
inmates for filing claims but to aid the court in determining whether an inmate=s claim
is frivolous.  Garrett v. Williams,
250 S.W.3d 154, 157 (Tex. App.CFort
Worth 2008, no pet.).  A court may
dismiss a claim before or after service of process if the court finds the
allegation of poverty in the affidavit or unsworn declaration to be false, if
the claim is frivolous or malicious, or if the court finds the inmate filed an
affidavit or unsworn declaration the inmate knew was false.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)
(Vernon 2002).  To determine whether a
claim is frivolous, a court may consider, among other things, whether Athe
claim=s
realistic chance of ultimate success is slight@ or
whether Ait is
clear that the party cannot prove facts in support of the claim.@  Id. '
14.003(b)(1), (3).








The small claims court dismissed Bell=s
lawsuit with prejudice on August 26, 2008, finding the lawsuit frivolous and
malicious as defined by subsections 14.003(b)(1) and (3) of the civil practice
and remedies code.  Bell filed a motion
to set aside the judgment on September 1, 2008, and a notice of appeal on
September 24, 2008.  The small claims
court subsequently entered an order denying Bell=s right
to appeal to the county court at law on September 29, 2008, and Bell appealed
the order to the county court at law on October 3, 2008.  On January 6, 2009, Bell filed a petition for
writ of mandamus in the district court, asking the district court to Aissue a
writ of mandamus directing the County Court At Law No. 2 to hold [a] hearing
and render judgement [sic] in this case.@  The district court dismissed Bell=s
petition for writ of mandamus with prejudice on May 12, 2009.  Bell appealed the May 12, 2009 order to this
court and asks us to Areverse the order of the
district court dismissing Bell=s
petition for a writ of mandamus and remand back for further proceedings.@

III. Discussion

Judge Bacus argues this appeal should be
dismissed because the district court does not have mandamus authority over the
county court at law in this scenario.  We
agree.  The court of appeals, not the
district court, has mandamus authority over the county court at law when the
district court=s jurisdiction has not been
encroached upon.  Tex. Gov=t Code
Ann. '' 22.221(b)(1),
24.011 (Vernon 2003).  Thus, the district
court could not have properly issued a writ of mandamus against the county
court at law in this instance.  We cannot
grant Bell=s requested relief because doing
so would require the district court to conduct a mandamus proceeding it does
not have the authority to conduct.  Id.
''
22.221(b)(1), 24.011.








Even if we were to consider the merits of Bell=s
appeal, the result would not be different. 
Rule 571 of the rules of civil procedure required Bell to file an appeal
bond with the small claims court within ten days of the date of the small
claims court=s judgment or order overruling a
motion for new trial.  Tex. R. Civ. P.
571.  Alternatively, rule 572 required
Bell to Amak[e]
strict proof@ of his inability to pay the
costs of appeal within five days of the small claims court=s
judgment or order overruling a motion for new trial.  Tex. R. Civ. P. 572.  Instead of filing an appeal bond or proof of
inability to pay the costs of appeal, Bell filed a motion to set aside the
judgment on September 1, 2008.  Bell=s motion
was overruled by operation of law on September 5, 2008, ten days after the
small claims court rendered judgment.  See
Searcy v. Sagullo, 915 S.W.2d 595, 597 (Tex. App.CHouston
[14th Dist.] 1996, no writ) (citing Jones v. Collins, 70 Tex. 752, 8
S.W. 681 (1888)); see also Tex. R. Civ. P. 567.  Therefore, the latest date on which
Bell could have timely taken action to perfect his appeal to the county court
at law was September 15, 2008, ten days after his motion was overruled by
operation of law.  See Searcy, 915
S.W.2d at 597; see also Tex. R. Civ. P. 567.  Bell did not file his notice of appeal until
September 24, 2008, so the county court at law was without jurisdiction to
consider his untimely appeal.  See
Searcy, 915 S.W.2d at 597; see also Tex. R. Civ. P. 567.  We cannot compel the county court at law to
conduct a proceeding over which it has no jurisdiction.

IV.    Conclusion








Based on the foregoing, we grant Judge Bacus=s motion
to dismiss and dismiss this appeal.  We
deny as moot Judge Bacus=s motion for extension of time
to file his appellee=s brief, Sawyer=s
motions for a copy of the record and for extension of time to file his appellee=s brief,
and Bell=s motion
for a copy of the appendix to his brief.

PER
CURIAM

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED: October 15,
2009











[1]See Tex. R. App. P. 47.4.





[2]Judge Bacus is the
presiding judge of County Court at Law No. 2 of Wichita County.