

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-157-CV

ROBERT BELL                                                      APPELLANT

V.

COUNTY COURT AT LAW NO. 2,                                       APPELLEES
THE HONORABLE TOM BACUS AND
TIMOTHY SAWYER

------------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

**I.      Introduction**

---

[1] *See* Tex. R. App. P. 47.4.

Appellant Robert Bell, pro se, appeals the denial of a petition for writ of mandamus he filed in the 78th District Court of Wichita County. Before the court are Appellee Judge Tom Bacus's[2] motions to dismiss this appeal and for extension of time to file his appellee's brief, Appellee Timothy Sawyer's motions for a copy of the record and for extension of time to file his appellee's brief, and Bell's motion for a copy of the appendix to his brief and response to the motion to dismiss. We grant the motion to dismiss and deny the other motions as moot.

## II.    Procedural Background

Bell is an inmate in the James Allred Unit of the Texas Department of Criminal Justice. Bell filed a lawsuit against Sawyer, also an inmate of the Allred Unit, in the small claims court in Wichita County on February 21, 2008. Both Bell and Sawyer are pro se and indigent.

Bell's lawsuit is governed by chapter fourteen of the civil practice and remedies code. Chapter fourteen governs suits brought by an inmate in a district, county, justice of the peace, or small claims court in which the inmate files an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); *Garrett v. Borden*, 283

---

[2] Judge Bacus is the presiding judge of County Court at Law No. 2 of Wichita County.

S.W.3d 852, 853 (Tex. 2009); *Hamilton v. Williams*, No. 02-07-00401-CV, 2009 WL 2751044, at *3 (Tex. App.—Fort Worth Aug. 31, 2009, no pet. h.). Chapter fourteen's purpose is not to punish inmates for filing claims but to aid the court in determining whether an inmate's claim is frivolous. *Garrett v. Williams*, 250 S.W.3d 154, 157 (Tex. App.—Fort Worth 2008, no pet.). A court may dismiss a claim before or after service of process if the court finds the allegation of poverty in the affidavit or unsworn declaration to be false, if the claim is frivolous or malicious, or if the court finds the inmate filed an affidavit or unsworn declaration the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002). To determine whether a claim is frivolous, a court may consider, among other things, whether "the claim's realistic chance of ultimate success is slight" or whether "it is clear that the party cannot prove facts in support of the claim." *Id.* § 14.003(b)(1), (3).

The small claims court dismissed Bell's lawsuit with prejudice on August 26, 2008, finding the lawsuit frivolous and malicious as defined by subsections 14.003(b)(1) and (3) of the civil practice and remedies code. Bell filed a motion to set aside the judgment on September 1, 2008, and a notice of appeal on September 24, 2008. The small claims court subsequently entered an order denying Bell's right to appeal to the county court at law on September 29, 2008, and Bell appealed the order to the county court at law on October 3,

2008.  On January 6, 2009, Bell filed a petition for writ of mandamus in the district court, asking the district court to "issue a writ of mandamus directing the County Court At Law No. 2 to hold [a] hearing and render judgement [sic] in this case."  The district court dismissed Bell's petition for writ of mandamus with prejudice on May 12, 2009.  Bell appealed the May 12, 2009 order to this court and asks us to "reverse the order of the district court dismissing Bell's petition for a writ of mandamus and remand back for further proceedings."

### III. Discussion

Judge Bacus argues this appeal should be dismissed because the district court does not have mandamus authority over the county court at law in this scenario.  We agree.  The court of appeals, not the district court, has mandamus authority over the county court at law when the district court's jurisdiction has not been encroached upon.  Tex. Gov't Code Ann. §§ 22.221(b)(1), 24.011 (Vernon 2003).  Thus, the district court could not have properly issued a writ of mandamus against the county court at law in this instance.  We cannot grant Bell's requested relief because doing so would require the district court to conduct a mandamus proceeding it does not have the authority to conduct.  *Id.* §§ 22.221(b)(1), 24.011.

Even if we were to consider the merits of Bell's appeal, the result would not be different.  Rule 571 of the rules of civil procedure required Bell to file an

4

appeal bond with the small claims court within ten days of the date of the small claims court's judgment or order overruling a motion for new trial.  Tex. R. Civ. P. 571.  Alternatively, rule 572 required Bell to "mak[e] strict proof" of his inability to pay the costs of appeal within five days of the small claims court's judgment or order overruling a motion for new trial.  Tex. R. Civ. P. 572.  Instead of filing an appeal bond or proof of inability to pay the costs of appeal, Bell filed a motion to set aside the judgment on September 1, 2008.  Bell's motion was overruled by operation of law on September 5, 2008, ten days after the small claims court rendered judgment.  *See Searcy v. Sagullo*, 915 S.W.2d 595, 597 (Tex. App.—Houston [14th Dist.] 1996, no writ) (citing *Jones v. Collins*, 70 Tex. 752, 8 S.W. 681 (1888)); *see also* Tex. R. Civ. P. 567.  Therefore, the *latest* date on which Bell could have timely taken action to perfect his appeal to the county court at law was September 15, 2008, ten days after his motion was overruled by operation of law.  *See Searcy*, 915 S.W.2d at 597; *see also* Tex. R. Civ. P. 567.  Bell did not file his notice of appeal until September 24, 2008, so the county court at law was without jurisdiction to consider his untimely appeal.  *See Searcy*, 915 S.W.2d at 597; *see also* Tex. R. Civ. P. 567.  We cannot compel the county court at law to conduct a proceeding over which it has no jurisdiction.

IV.    **Conclusion**

Based on the foregoing, we grant Judge Bacus's motion to dismiss and dismiss this appeal. We deny as moot Judge Bacus's motion for extension of time to file his appellee's brief, Sawyer's motions for a copy of the record and for extension of time to file his appellee's brief, and Bell's motion for a copy of the appendix to his brief.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: October 15, 2009