

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00105-CV

_____

MEL COLEMAN, JR., NICOLE COLEMAN, AND/OR ALL OTHER OCCUPANTS
1012 ANGIE LANE, DE SOTO, TX 75115, Appellants

V.

BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY
MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
CERTIFICATE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I
LLC, ASSET-BACKED CERTIFICATES, SERIES 2005-HE7, Appellee

On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court No. CC-10-08162-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Bank of America, National Association,[1] filed a forcible detainer lawsuit in Justice of the Peace Court of Dallas County, Precinct 4-1,[2] seeking a writ of possession evicting Mel Coleman, Jr., Nicole Coleman, and all other occupants (hereinafter the Colemans) of 1012 Angie Lane, De Soto, Texas, 75515. When the Colemans failed to file an answer, the justice court entered a default judgment, ordering that Bank of America "have and recover from [the Colemans] the premises described . . . ." On November 17, 2010, the Colemans appealed the default judgment to the Dallas County Court at Law No. 1. On July 28, 2011, the parties signed[3] and entered an agreed judgment granting possession of the property to Bank of America. The Colemans subsequently filed this appeal.

On appeal, the Colemans, proceeding pro se, argue that the justice court erred in entering the default judgment because the complaint filed in the justice court failed to provide proper notice.

We affirm the judgment because the Colemans' argument is moot.

---

[1]Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE7, purchased the property at a nonjudicial foreclosure sale.

[2]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. See TEX. R. APP. P. 41.3.

[3]The agreed judgment is not signed by the parties, but rather, is signed by counsel for Bank of America and the Colemans.

In their sole point of error, the Colemans contend that the justice court erred in entering the default judgment because Bank of America's complaint failed to provide proper notice. Specifically, the Colemans contend that the complaint failed to sufficiently describe the property. We need not reach the merits of the Colemans' argument because their point of error is moot.

An appeal from a justice court judgment is tried de novo in the county court. TEX. R. CIV. P. 574b, 749, 751. Such an appeal is, essentially, a new trial before a different judge. *Searcy v. Sagullo*, 915 S.W.2d 595 (Tex. App.—Houston [14th Dist.] 1996, no writ). Accordingly, the Colemans' point of error regarding the justice court's default judgment was rendered moot by the trial de novo before the county court at law. Because the Colemans failed to raise any point of error regarding an act or omission by the county court at law, we must overrule the point of error and affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted: May 29, 2012
Date Decided: May 30, 3012

3