**Opinion issued August 22, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00046-CV

———————————

**GERRY REEL, Appellant**

**V.**

**NORWOOD J. RUIZ, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. CV-0065974**

---

## MEMORANDUM OPINION

Appellant Gerry Reel appealed a justice court judgment to the Galveston County Court at Law No. 1. Because his appeal bond was filed more than ten days after the date of the judgment, *see* TEX. R. CIV. P. 571, the county court at law

dismissed Reel's appeal for want of jurisdiction. Reel appeals this dismissal, arguing that he did not receive timely notice of the justice court's entry of judgment and his appeal bond was filed within five days of receiving notice of the judgment. We affirm.

## Background

Ruiz sued Reel and James Smith for damage to his house caused by Reel's boat during Hurricane Ike. Smith had sold the boat to Reel, but he never transferred the title. The justice court originally signed a judgment against Smith. The attorney representing Smith, who also represented Reel, filed a bill of review which was heard on July 7, 2011. The court asked Smith and Reel's attorney to draft a proposed judgment reflecting a take-nothing judgment against Smith and a $10,000 judgment against Reel.

On August 16 and August 17, 2011, the court signed identical final judgments in this case, awarding Ruiz a $10,000 judgment against Reel. Neither Reel nor Ruiz received notice of judgment until August 30, 2011.[1] After receiving notice of the justice court's judgment, Reel attempted to file an appeal bond on September 2, 2011,[2] but the justice court was closed, and he filed it the following

---

[1]    As only 13 days had passed since the signing of the judgment, Reel could not invoke Rule 306a(4) to alter the applicable time periods to run from the receipt of actual notice.

[2]    As 16 days had passed, even if Reel had perfected his appeal on September 2, he could not benefit from an implied motion to extend time pursuant to Rule 26.3 of

Tuesday, September 6, 2011. This was more than 10 days after the final judgment was signed in the trial court, but for purposes of the rules of civil procedure it was within five days of Reel's receipt of the judgment. *See* TEX. R. CIV. P. 4.

Ruiz filed a motion to dismiss the appeal in the county court, arguing that the appeal bond was both untimely and deficient in that it did not name Reel, but instead it named his co-defendant as to whom a take-nothing judgment was rendered. Reel argued that the appeal should not be dismissed for want of jurisdiction because his failure to file an appeal bond before September 6 was an error of "form or substance" as contemplated by Rule 571 of the Texas Rules of Civil Procedure, which provides would-be appellants with five days to cure deficiencies after notice. *See* TEX. R. CIV. P. 571. The county court rejected that argument and, because the appeal bond was considered untimely filed, dismissed the appeal for want of jurisdiction.

At the conclusion of the hearing on the motion to dismiss, Reel's counsel stated, "I will appeal this and then I'll go back to there and get a bill of review."

---

the Texas Rules of Appellate Procedure. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

3

The only issue before us is the timely filed direct appeal from the county court at law's dismissal for want of jurisdiction.[3]

## Analysis

Subject matter jurisdiction is a legal question, and we therefore review a dismissal for want of jurisdiction under a de novo standard of review. *Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Litoff v. Meadows Serv. Corp.*, 352 S.W.3d 894, 896 (Tex. App.—Dallas 2011, no pet.).

Rule 571 of the Texas Rules of Civil Procedure provides that a party appealing a justice court's judgment has 10 days from the date a judgment is signed to file an appeal bond or affidavit in lieu thereof. TEX. R. CIV. P. 571. The filing of a bond or an affidavit in compliance with Rule 571 perfects the appeal from the justice court to the county court. TEX. R. CIV. P. 573. "If the appeal bond is not timely filed, the county court is without jurisdiction to hear the appeal and the appeal should be dismissed for lack of jurisdiction." *Searcy v. Sagullo*, 915 S.W.2d 595, 597 (Tex. App.—Houston [14th Dist.] 1996, no writ); *accord Litoff*, 352 S.W.3d at 896; *Ashley Furniture Indus. Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 598 (Tex. App.—El Paso 2010, no pet.).

---

[3]    Ruiz did not file a brief in this court.  On April 23, 2013, one of his relatives informed the court that he had passed away.  We will proceed to adjudicate the appeal as if all parties were alive. *See* TEX. R. APP. P. 7.1.

4

Rule 571 also provides that an "appeal shall not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing appellant five days after notice within which to correct or amend same." TEX. R. CIV. P. 571. Although the rule requires notice to start the clock for correcting or amending a defect or irregularity, it does not provide for any specific type of notice. *Ashley Furniture*, 311 S.W.3d at 599. However, the case law suggests that this rule is used when some timely but otherwise deficient bona fide attempt has been made to invoke appellate jurisdiction in the county court. *See, e.g.*, *Watkins v. Debusk*, 286 S.W.3d 58, 60–62 (Tex. App.—El Paso 2009, no pet.) (appellant timely filed of notice of appeal and insufficient appeal bond and had five days to cure deficiency in amount of appeal bond after notice by way of adversary's plea to the jurisdiction); *Ashley Furniture*, 311 S.W.3d at 598 (appellant timely filed notice of appeal and insufficient appeal bond and had five days to cure deficiency after notice by way of adversary's motion to dismiss); *Rowe v. Watkins*, 340 S.W.3d 860, 863 (Tex. App.—El Paso 2011, no pet.) (appellant timely filed appeal bond that was defective for lack of listing sureties, and appellant had five days from receipt of letter from adversary identifying deficiency to cure it); *A.J.'s Wrecker Serv. of Dallas, Inc. v. Orozco.*, 68 S.W.3d 45, 48 (Tex. App.—Dallas 2001, orig. proceeding) (appellant filed appeal bond that was deficient in that it lacked oaths of sureties and was not approved by the justice before filing, and appellant failed to

5

correct defects within five days from notice provided by letter from the court). In each of these cases, the notice informed the appellant of the specific defect, such as an insufficient bond.

Reel argues that Rule 571's provision for correcting a defect of form or substance should apply in this case to allow for him to pursue an untimely appeal because he did not have notice of the judgment. He contends that the notice he received of the trial court's judgment is equivalent to notice of a deficiency as contemplated by Rule 571, and because he filed his appeal bond within five days of receiving notice of the trial court's judgment, the county court had jurisdiction over his appeal.[4] He urges the court to liberally construe the rules of procedure to reach this outcome. *See Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex. 1997) (holding that a motion for extension of time is implied when a party makes a good faith, but untimely, attempt to appeal within the time period in which he would be entitled to move for an extension of the filing deadline). Even *Verburgt* did not indefinitely extend the time for a party to file an appeal, rather "the correction must be made within the specified deadline provided in the statute." *Watkins*, 286 S.W.3d at 61. Rule 571 provides for an extension of time of five days after notice of "defects or irregularities in procedure, either of form or substance." TEX. R. CIV. P. 571. Reel never received a notice of defects or irregularities in procedure;

---

[4] *See* TEX. R. CIV. P. 4 ("Saturdays, Sundays and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules . . . .").

he received an untimely notice of the justice court's judgment. Nothing in the judgment specifically informed him of any correctable defect or irregularity in his attempt to appeal, because he had made no attempt to appeal. Moreover, Reel's argument would permit an indefinite extension of the time to perfect an appeal, a result that would be inconsistent with *Verburgt*'s express reliance on the 15-day period for extending time for a notice of appeal as an outer limit. *See Verburgt*, 959 S.W.2d at 617. Therefore, we conclude that the notice of judgment was not a notice as contemplated by Rule 571, and we decline Reel's invitation to construe the rule more liberally than its language permits.

Because Reel's appeal bond was filed more than ten days after judgment, we conclude that the county court at law lacked jurisdiction, and we hold that it did not err by dismissing the appeal.

## Conclusion

We affirm the judgment of the county court at law.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Justice Sharp, concurring in the judgment only.

7