# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00318-CV

**Juan A. Martin-de-Nicolas, Appellant**

**v.**

**Rex Jones, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-008738, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Juan A. Martin-de-Nicolas challenges the trial court's dismissal of his appeal of the justice court's judgment that he take nothing by his claims against appellee Rex Jones. The trial court granted appellee's motion to dismiss that was based on appellant's failure to timely perfect his appeal of the justice court's decision. We will affirm the judgment.

## BACKGROUND

Appellant alleged and the peace officer's crash report, appellee's black vehicle was parked on a two-way public street facing oncoming traffic with the left wheels against the curb. It is undisputed that, at night, appellant drove his car into appellee's vehicle. Alleging that appellee's parking was negligent because it violated state law[1] and because it deprived oncoming drivers the

---

[1] *See* Tex. Transp. Code § 545.303(a) (requiring drivers who park on two-way streets to do so with the right-hand wheels of the vehicle by the right-hand edge of the roadway).

benefit of appellee's vehicle's rear light reflectors, appellant sued appellee for negligent parking. The jury in justice court found that appellee was not negligent, that appellant was negligent and was one-hundred percent at fault for causing the crash, and that appellant should recover zero damages. Based on the jury verdict, the court signed the judgment on July 11, 2012.

Appellant filed motions for new trial and for judgment notwithstanding the verdict on July 18, 2012. He asserts he was told by a clerk that the court did not count weekend days for filing deadlines. The justice court signed an order denying those motions on August 1, 2012. Appellant asserts that the clerk told him his appeal bond was due in ten days—but did not state whether the clerk made the same assertion about weekend days not counting. Appellant filed a cash bond on August 15, 2012 in order to prosecute his appeal to the county court at law. He asserts that a clerk initially told him that his bond was two days late because for appeals the court did count weekend days, but said that the clerk accepted his bond after consulting with someone. The justice of the peace "approved" the appeal on August 20, 2012, and transferred the case to the county court at law.

Appellee filed a motion to dismiss in the county court at law for lack of jurisdiction on September 17, 2012. He argued that appellant filed his appeal bond too late to perfect the appeal. *See* former[2] Tex. R. Civ. P. 567 (new trial), 571 (appeal bond), 573 (appeal perfected). The county court at law granted the motion to dismiss on November 14, 2012.

---

[2] The rules governing motions for new trial, appeal bonds, and perfection of appeals in cases in justice courts were amended and renumbered after the appeal to this Court was perfected. The amendments were adopted and made effective after the date of the justice-court trial and are inapplicable to this case.

On February 20, 2013, appellant filed a response to the motion to dismiss and on March 5, 2013, filed a motion for reinstatement and reconsideration, asserting that he had not been notified of the hearing on the motion to dismiss. He asserted that he obtained a copy of the motion to dismiss from courthouse staff on October 15, 2012, was told by appellee's attorney's assistant that a November 14, 2012 hearing date conflicted with appellee's attorney's schedule, and was told that he would be notified of a new hearing date. Appellant alleged that he was never told of the new date and that the hearing on the motion to dismiss occurred on November 14, 2012 without him. The county court at law notified the parties by letter that, by April 24, 2013, it had no jurisdiction to consider appellant's motion for reinstatement and reconsideration because its plenary power expired following the November 14, 2012 dismissal of the appeal.

Appellant filed his notice of appeal to this Court on May 10, 2013.

**STANDARD OF REVIEW**

Because appellant did not participate in the hearing resulting in the dismissal of his appeal to the county court at law and filed his notice of appeal after the time period for regular appeals but within six months after the dismissal order was signed, this is a restricted appeal. *See* Tex. R. App. P. 26.1(c), 30. Review by restricted appeal affords the appellant a review of the entire case just as in an ordinary appeal, but any error must appear on the face of the record. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.). For purposes of a restricted appeal, the face of the record consists of all the papers on file in the

3

appeal, including the reporter's record. *See Norman Commc'ns*, 955 S.W.2d at 270; *Conseco*, 78 S.W.3d at 670.

We review de novo the dismissal for want of jurisdiction. *See TRST Corpus, Inc. v. Financial Ctr., Inc.*, 9 S.W.3d 316, 320 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). To obtain reversal, appellant must show that any errors by the county court probably caused the rendition of an improper judgment or probably prevented him from properly presenting the case to this Court. Tex. R. App. P. 44.1(a).

## DISCUSSION

Appellant contends that he was denied due process when appellee failed to provide notice of the hearing on his motion to dismiss in the county court at law. *See* Tex. R. Civ. P. 21. Appellant also contends that the county court at law erred by dismissing his appeal for defects or irregularities in procedure, either of form or substance, without allowing him five days after notice within which to correct or amend the errors. *See id.* R. 571.

Appellant argues that the record shows that he was not given notice of the hearing on the motion to dismiss, that such absence of notice deprived him of due process, and that he is entitled to reversal of the dismissal. He relies on a case in which the supreme court reversed a default judgment against an out-of-state corporation because the record did not show that the corporation was notified of the motion for default judgment, the hearing on that motion, or the default judgment itself. *See LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989).

4

The face of the record in this case does not show the lack of notice found by the supreme court in *LBL*. The clerk's record contains notice of hearing set for October 25, 2012, with a certification that appellee sent it to appellant on October 11, 2012. Appellant acknowledges that the hearing was canceled by the agreement of the parties. There is no formal written notice of the reset date in the clerk's record, but the reporter's record of the November 14, 2012 hearing contains appellee's counsel's statement that the hearing was "[p]reviously set on October 25th and reset today at the request of [appellant]." This is some evidence that appellant had actual notice of the setting. Appellant asserts that he did not request or know of the November 14 setting, but that assertion is not apparent from the face of the record.

Appellant also asserts that the trial court erred by dismissing his appeal without giving him five days' notice in which to correct any defects or irregularities in procedure, either of form or substance. *See* former Tex. R. Civ. P. 571. But appellee's motion to dismiss, filed September 17, 2012, certifies that a copy of the motion was sent to appellant on that same date. Also, appellant asserted in his Plaintiff's Motion for Reinstatement and Reconsideration that someone at the courthouse "kindly printed a copy of the Defendant's Motion for Dismissal" on October 15, 2012. Appellant by his own admission had actual notice of the claims of the alleged problems with the timing of the filing of his perfecting instrument almost a full month before the county court at law dismissed his appeal.

Further, with regard to both issues raised in this Court, appellant has failed to show that any of the alleged errors by the county court at law harmed him. The county court at law's dismissal was based on his failure to perfect his appeal from justice court timely. He does not allege or provide evidence that the dates in the record for the rendition of the justice court's judgment, the

filing of his motion for new trial, and the filing of his appeal bond are incorrect. The justice court rendered the take-nothing judgment based on the jury's verdict on July 11, 2012. The justice court had ten days in which to grant a new trial. *See* former Tex. R. Civ. P. 567. The ten days include all days, including weekends, unless the final day falls on a weekend or holiday; because the tenth day after that judgment fell on a Saturday, the justice court's time to grant a new trial rolled forward to July 23, 2012. *See id.* R. 4 (computation of time), 523 (rules governing district and county courts govern justice courts unless otherwise provided). Because the justice court did not grant a new trial by that date, it no longer had the power to grant a new trial, and appellant's motion for new trial was overruled by operation of law on that date. *See Searcy v. Sagullo*, 915 S.W.2d 595, 596–97 (Tex. App.—Houston [14th Dist.] 1996, no writ); *see also Jones v. Collins*, 8 S.W. 681, 681 (Tex. 1888). Appellant had ten days thereafter in which to file his appeal bond. *See* former Tex. R. Civ. P. 571. His time to file his appeal bond expired on August 2, 2012. Even if we were to use the trial court's August 1, 2012 denial of appellant's post-judgment motions as the trigger date, his appeal bond was due on Monday, August 13, 2012. His appeal bond, filed on August 15, 2012, was too late to perfect his appeal under either scenario. None of the alleged acts or omissions by appellee and the county court at law affected those perfection timetables, appellant's failure to comply with them, or appellant's ability to correct his failure to file the appeal bond timely.

Appellant argues that we must read the rules broadly in order to avoid depriving him of his right to appeal through "harmless procedural mistakes," relying on *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Yet that ruling is grounded in interpreting the text of the rules broadly, not ignoring it. In *Verburgt*, the appellant filed an appeal bond after the period for filing a bond, but within the period for filing a motion for extension of time to file an appeal bond. *See*

6

*id.* at 615. The supreme court held that a litigant who files an appeal bond during that extra period clearly evinces a desire to appeal, and that courts should interpret that filing as including an implicit, albeit inadequately expressed, motion for extension of time. *Id.* at 617. In that spirit, the El Paso court of appeals held that a party who filed a notice of appeal from a justice court decision and paid costs of court—but did not file an appeal bond—within the time for filing an appeal bond had made a bona fide attempt to invoke the county court's jurisdiction. *Watkins v. Debusk*, 286 S.W.3d 58, 61 (Tex. App.—El Paso 2009, no pet.). The court of appeals held that the would-be appellant then had the right to cure his defective attempt within five days after being notified that he had not filed the correct perfecting instrument. *See id.* at 61-62. Because the would-be appellant filed an appeal bond within five days after notice that he had not filed the required appeal bond, the court of appeals held that he had perfected his appeal timely. *See id.* at 63.

The record in this case, however, lacks the critical element of a timely-filed attempt at perfection by appellant. Unlike in *Verburgt* and *Watkins*, there is no document in the record before us that indicated appellant's intention to appeal the ruling of the justice court filed within the period for perfecting appeal. His motions for new trial and judgment notwithstanding the verdict demonstrate dissatisfaction with the judgment, but do not demonstrate a desire to appeal. He did not file a notice of appeal within the time for filing the appeal bond as the appellant in *Watkins* did. *See id.* at 59. Further, unlike in *Verburgt*, the rules for perfecting an appeal from justice court did not have a period after the bond was due in which to seek an extension of time to file an appeal bond. *Compare* former Tex. R. Civ. P. 571 *with* former Tex. R. App. P. 41(a)(2) and Tex. R. App. P. 26.3. The court of appeals in *Watkins* emphasized the need for the appellant to have *timely* filed a bona fide attempt to appeal. 286 S.W.3d at 61. The first document in the record before us

7

indicating that appellant wanted to appeal the justice court's ruling is his appeal bond, filed August 15—thirteen days late. *See* former Tex. R. Civ. P. 571, 573. Even if his opportunity to appeal was held in suspense until he received express notice of the defect in his appeal bond, he admittedly received October 15, 2012, a copy of the appellee's motion to dismiss on that discussed the untimeliness of the filing of his appeal bond, and did not cure his late filing or otherwise demonstrate that he had timely perfected his appeal from the justice court. None of the asserted acts or omissions by appellee or errors by the county court at law contributed to appellant's failure to comply with the filing deadlines or to cure that failure.[3]

## CONCLUSION

Finding no reversible error presented, we affirm the judgment dismissing appellant's appeal to the county court at law for want of jurisdiction.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 28, 2014

---

[3] Appellant asserts that, if he did not invoke the county court at law's jurisdiction, then it lacked the power to dismiss his appeal. Courts "always have jurisdiction to determine their own subject-matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 642 (Tex. 2004) (Brister, J., concurring).

8