# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-14-00340-CV
_____

### PATRICIA POWERS, Appellant

### V.

### WHISPERING OAKS APARTMENTS, Appellee

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 14-28069**

### MEMORANDUM OPINION

Patricia Powers attempted to appeal certain Justice Court proceedings to the County Court at Law. On June 4, 2014, the County Court at Law dismissed Powers's appeal for lack of jurisdiction. On August 13, 2014, Patricia Powers filed a notice of appeal. We questioned our jurisdiction. Powers filed a response in which she states, "Your court lacks jurisdiction in this matter. The petition for appeal is pending in Montgomery County Court at Law #2, the Honorable Judge Claudia [Laird] has failed to rule." We notified the parties that the June 4, 2014,

1

order of dismissal was a final disposition of the case, and we instructed them to identify a document that shows whether Powers triggered the extended timetable for perfecting an appeal. *See* Tex. R. App. P. 26.1(a). In response, Powers mailed to this Court copies of a document she originally mailed to this Court on March 10, 2014, which was before the County Court at Law had received the case from the Justice Court. Powers also sent this Court a copy of her original response to this Court, in which Powers states her position that this Court lacks jurisdiction.

The order of dismissal signed by the trial judge on June 4, 2014, was a final disposition of the case. *See generally Searcy v. Sagullo*, 915 S.W.2d 595, 597 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("[T]he county court properly dismissed the matter for lack of jurisdiction because the notice of appeal and appeal bond were not timely filed."). The time for perfecting an appeal from the County Court at Law to the Court of Appeals commenced with the signing of the order that dismissed Powers's attempted appeal of the Justice Court's judgment. *See* Tex. R. App. P. 26.1.

In response to a notice from this Court that her appeal would be dismissed unless she showed that this Court has jurisdiction to proceed, Powers persisted in her position that this Court lacks jurisdiction. Powers does not argue that within thirty days after the County Court at Law dismissed her appeal from the Justice

2

Court, she either filed a notice of appeal of the judgment of the County Court at Law to the Court of Appeals, or she filed another document in a bona fide attempt to perfect an appeal to this Court. *See id.* Powers does not contend that she timely filed a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law. *See id.* The notice of appeal was filed more than thirty days after the trial court signed the order that finally disposed of the case. *See id.* The appeal is subject to dismissal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on October 22, 2014
Opinion Delivered October 23, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

3