

NUMBER 13-15-00500-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MICHAEL MALDONADO AND
MARY MALDONADO,                                                        Appellants,

v.

MARGO PROPERTIES, LLC,                                                    Appellee.

**On appeal from the County Court at Law No. 3
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

This is an appeal from a judgment awarding possession to real property in favor of

appellee Margo Properties, LLC ("Margo"). By three issues, appellants Michael and

Mary Maldonado ("the Maldonados") assert that: (1) Gus Montis[1] lacked standing to evict them; (2) Montis lacked capacity to evict them; and (3) the trial court improperly allowed Margo to amend its petition. We affirm.

## I. BACKGROUND

On September 16, 2014, Montis and Margo filed a petition for eviction with the justice court in Nueces County seeking that the Maldonados vacate the property located at 5421 Whitemarsh Drive in Corpus Christi following Margo's foreclosure of the property. The justice court entered a judgment in favor of Montis and Margo, and the Maldonados appealed to the Nueces County Court at Law Number 5 ("the trial court") for a trial de novo. *See* TEX. R. CIV. P. 506.3.

On January 29, 2015, Margo filed its First Amended Petition excluding Montis as a party seeking possession of the Whitemarsh Drive property pursuant to Margo's non-judicial foreclosure purchase of the property on August 5, 2014. On March 19, 2015, the Maldonados answered the lawsuit and alleged that Margo and Montis committed a wrongful foreclosure on the property.

After holding a short hearing in which testimony was received from Montis and various exhibits were admitted into evidence, including the substitute trustee's deed and a January 15, 2015 notice to vacate sent by Margo's attorney to the Maldonados, the trial court granted relief in favor of Margo and ordered that Margo or Montis be placed in possession of the Whitemarsh property. This appeal followed.[2]

---

[1] The record shows that Gus Montis is the agent for Margo. He is not a party to this appeal, but his actions will be discussed in further detail throughout this opinion.

[2] The Maldonados acted pro se throughout the trial proceedings and remain pro se on appeal.

## II. STANDING AND CAPACITY TO SUE

By its first two issues, the Maldonados contend that Montis lacked standing and capacity to file a petition to evict the Maldonados.

### A. Applicable Law and Standard of Review

A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (emphasis in original). Standing can be raised for the first time on appeal because it implicates the trial court's jurisdiction, but a challenge to capacity can be waived if not challenged by a verified pleading. *See id.* at 662; *see also* TEX. R. CIV. P. 93(1).

### B. Discussion

#### 1. Standing

The Maldonados argue that Montis lacked standing to file the petition for eviction, rendering the trial court's judgment void. First, we acknowledge that in addition to Margo, Montis is named as a plaintiff in the original form eviction petition filed in justice court. However, the record shows that Montis was not a party to the lawsuit in the trial court. Thus, even if Montis lacked standing to bring the suit against the Maldonados in justice court, it is of no consequence to the proceeding held in the trial court because Margo's First Amended Petition named only itself as the plaintiff. When an appeal is taken from justice court to county court, a "trial de novo" means a new trial, "in which the entire case is presented as if there had been no previous trial." *See* TEX. R. CIV. P. 506.3; *see also Searcy v. Sagullo*, 915 S.W.2d 595, 596 n.1 (Tex. App.—Houston [14th

3

Dist.] 1996, no writ) ("A party receives *de novo* review in the county court which is essentially a new trial before a different judge.").

Therefore, because the effect of Rule 506.3 essentially grants a new trial from scratch to those who appeal from justice court proceedings to the county court, and Montis was not a named plaintiff in the trial court proceeding and judgment, any challenge to Montis's standing is moot.   We overrule the Maldonados' first issue.

### 2.  Capacity

We decline to reach the merits of the Maldonados' capacity argument because such an argument was not raised in a verified plea before the trial court and is therefore not preserved for our review.   *See* TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 93(1); *Nootsie*, 925 SW.2d at 662.   We overrule the Maldonados' second issue.

### III.   AMENDMENT TO PETITION

By his third and final issue, the Maldonados argue that Margo amended its petition "without leave of court nor conference with counsel to drop [Montis]" as a plaintiff and "replace him with [Margo]," making such the amended petition "null and void."

As a general rule, parties may amend their pleadings subject only to the opposing party's right to show surprise.   *See Greenhalgh v. Svc. Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex. 1990).   The record shows that the Maldonados did not object to Margo's January 29, 2015 amended petition and filed their answer without raising the issue of surprise or moving to strike the amended petition.   Furthermore, a hearing was held in the trial court more than five months later on June 10, 2015 on Margo's amended petition, and the Maldonados again failed to raise the issue of surprise.   As a result, we conclude that this complaint is not preserved for our review.   *See* TEX. R. APP. P. 33.1(a).

4

However, even if the Maldonados objected to the amended petition alleging surprise, nothing in the record supports such an argument. As mentioned earlier in this opinion, Margo was named as a plaintiff in the original petition for eviction filed in justice court. Therefore, the Maldonados failed to meet their burden to show surprise when Margo was already a named plaintiff in the justice court proceeding. We overrule the Maldonados' third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of September, 2016.